## WABASH RAILROAD COMPANY v. YOUNG.

[No. 20,206.    Filed February 3, 1904.]

CONSTITUTIONAL LAW.—*Act of 1889 to Prevent Blacklisting.*—*Provision not Embraced in Title.*—The act of March 9, 1889, entitled "An act for the protection of discharged employes, and to prevent blacklisting," in so far as it applies to employes who have voluntarily left the master's employment, is invalid, such provision not being embraced in the title. *pp. 103-105.*

PLEADING.—*Complaint.*—*Failure to Plead Substantive Facts.*—General allegations in a complaint, that defendant caused the plaintiff to be discharged from employment he had obtained, and had prevented him from obtaining employment, are but conclusions of the pleader, and state no cause of action.  *p. 105.*

LIBEL.—*Complaint.*—"*Labor Agitator.*"—"*Blacklisting.*"—In an action for libel a complaint charging that defendant by whom plaintiff had previously been employed had "blacklisted" plaintiff, and accused him with being a "labor agitator" is not sufficient, in the absence of averments that the words "labor agitator" bore an actionable meaning, or that "blacklisting" imputed to plaintiff the commission of crime or other conduct exposing him to public hatred, punishment, disgrace, or derision. *p. 106.*

TORT.—*Preventing One from Obtaining Employment.*—*Complaint.*—A complaint charged that the defendant railroad company prevented plaintiff from being employed by a certain other railroad company, by stating upon inquiry from such other company that plaintiff was a labor agitator, and was an active member of a certain labor organization. *Held,* that the complaint was not sufficient to charge a common law liability for interference with plaintiff's occupation. *p. 107.*

From Miami Circuit Court; *D. H. Chase*, Special Judge.

Action by John W. Young against the Wabash Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. P. Hammond, W. V. Stuart* and *D. W. Simms,* for appellant.

*D. E. Rhodes,* for appellee.

DOWLING, J.—This is a proceeding by the appellee against the appellant for the review of a judgment against

him.   The case is here for the second time.   *Wabash R. Co. v. Young,* 154 Ind. 24.   Upon the reversal of the judgment first rendered in this proceeding, the appellee filed an amended complaint in the trial court.   A demurrer by the appellant for want of facts was overruled, and, upon its refusal to plead further, judgment was rendered in favor of the appellee reversing the judgment reviewed.   The demurrer to the amended complaint questioned the sufficiency of that pleading as a whole, and also separately, in detail, as it related to the first and second paragraphs of the complaint in the original action.   Error is assigned upon the several rulings on these demurrers.

The action in which a review of the proceedings and judgment is sought was for damages for the alleged blacklisting of the appellee by the appellant, and for certain wrongful acts charged to have been done by the appellant whereby the appellee was prevented from obtaining employment, and from retaining employment when secured by him.   Counsel for appellee insist that the complaint is sufficient both under the statute (Acts 1889, p. 315, §7077 Burns 1894) and under the rule of the common law.   On the other hand, counsel for appellant argue that the statute does not apply to the case made by the complaint, and that no common law liability is shown.

The title of the act of March 9, 1889, *supra,* in force at the time the supposed grievances occurred, was "An act for the protection of discharged employes and to prevent blacklisting."   The section of the act relied upon by appellee is as follows:  "Section 2.   If any railway company or any other company or partnership or corporation in this State shall authorize or allow any of its or their agents to blacklist any discharged employes, or attempt by word or writing or any other means whatever to prevent such discharged employe, or any employe who may have voluntarily left said company's service, from obtaining employment with any other person, or company, except as provided for

in section one of this act, such company or copartnership shall be liable in treble damages to such employe so prevented from obtaining employment, to be recovered by him by a civil action."

An act of the legislature can embrace but one subject and matters properly connected therewith, which subject must be expressed in the title. If any subject is embraced in an act which is not expressed in its title, such act is void as to so much thereof as is not expressed in its title. Const., Art. 4, §19. The subject of the act of March 9, 1889, *supra,* is the protection of discharged employes. The prevention of blacklisting of discharged employes was a matter properly connected with this subject. But the subject of the protection of discharged employes does not include the protection of employes who have not been discharged, or who voluntarily quit the service of their employer. Nor is the protection of employes who voluntarily quit their employment matter properly connected with the subject of the protection of discharged employes. Every section of the act refers to employes who have been discharged, and only in the second section is any provision found which relates to employes who have voluntarily left the service of an employer. This single provision is the prohibition of any attempt by word, writing, or other means, to prevent a discharged employe, or any employe who may have voluntarily left such service, from obtaining employment with any other person, except as authorized in the first section of the act.

So far as the provision just referred to applies to any employe who may have voluntarily left the service of an employer, it is not embraced in the subject of the act as expressed in its title, nor is it properly connected therewith. The protection of discharged employes was a proper and complete subject for an act of the legislature. But, under that title, provisions for the protection of employes

who had not been discharged could not be included without a violation of article 4, §19, of the Constitution. The blacklisting prohibited by section two of the act is expressly confined to discharged employes. The complaint does not allege that the appellee was a discharged employe of the appellant, but, on the contrary, it avers that he voluntarily left the service of the company. Therefore, he does not come within the purview and protection of the statute, and his action can not be maintained under its provisions. *Indianapolis, etc., Transit Co.* v. *Foreman, ante,* 85.

The question remains whether the complaint is good under the rule of the common law in such cases, either as charging the appellant with libel, or with a wrongful interference with appellee's occupation. The material facts alleged against the appellant in the first paragraph of the complaint are that, shortly after the appellee voluntarily left its employment, the railroad company, by its agents, falsely accused him of being a "labor agitator," and that by letters, words, and influence the appellant caused the discharge of the appellee after he had obtained employment, and by the same means prevented him from obtaining employment. It is not stated where he was employed, by whom, in what capacity, for what time, or at what wages, or any other particulars concerning the employment of which he was deprived or which he was prevented from obtaining. The general allegations that the appellant caused him to be discharged from employment he had obtained, and prevented him from obtaining employment, are not averments of substantive facts, but are conclusions of the pleader.

A further and more specific charge is made that the appellant prevented the appellee from being employed by the Atchison, Topeka & Santa Fe Railroad Company, at Denver, Colorado, in November, 1894, by representing and stating to that company that the appellee was a "labor agi-

tator," and unfit for said company to have in its employ-
ment, and that he was connected with the Order of Railroad
Telegraphers of North America.

The second paragraph of the complaint in the original
action states substantially the same facts as the first, al-
though with a little more particularity. It alleges that the
appellee was a member of the Order of Railroad Telegra-
phers of North America, and that he assisted in the further
organization of that association after he left the service
of the appellant, by receiving into that order a large num-
ber of telegraphers employed by the appellant and by other
railroad companies. This paragraph contains the further
allegation that in August, 1894, appellee applied to the
officers of the Denver & Rio Grande Railroad Company for
employment on said railroad, and that his application was
accepted, subject to reference to the appellant; that the
appellant, by its agent, wrote to the officers of the Denver
& Rio Grande Railroad Company a letter containing the
words following: "If you want a man who is strictly a
labor agitator, this is your man" (meaning the appellee);
that by reason of this false statement the appellee was
refused said employment.

The general averments in each paragraph of the com-
plaint that the appellant prevented the appellee from ob-
taining employment, and that it caused him to be dismissed
from positions secured by him, constituted no cause of ac-
tion against the appellant. They are not indefinite and un-
certain merely; they state no facts; they show no wrongful
acts on the part of the appellant; they disclose no legal
injury to the appellee. The more particular averments
that the appellant accused the appellee of being a "labor
agitator," and that it blacklisted him, in the absence of
allegations that the words "labor agitator" bore an action-
able meaning, or that "blacklisting" imputed to the appellee
the commission of crime, or other conduct exposing him to
public hatred, punishment, disgrace, or derision, and that

the fact of such blacklisting was wrongfully communicated to some person or persons, were not sufficient in law to render the appellant liable for a libel.

Nor was either paragraph of the complaint good as a charge of unlawful interference with appellee's occupation. It appears that no act was done by the appellant through its agents except to inform the officers of the Atchison, Topeka & Santa Fe Railroad Company and the Denver & Rio Grande Railroad Company that the appellee was a member of a labor organization, and that he was a labor agitator. It is not alleged that a charge of this nature was calculated to injure the appellee, or that any odium attached to members of such orders or to labor agitators. The charge was not libelous *per se,* and no connection is shown between the statements alleged to have been made by appellant's agents and the failure of the appellee to obtain employment or his loss of any position.

Besides, while the complaint avers that the statements alleged to have been made by the appellant were false, by other averments of each paragraph of the pleading it is admitted that the appellee was, in fact, a member of a labor organization, and that he did actively engage in organizing such an association, and in receiving into it the telegraphers employed on appellant's railroad and on other railroads. Just what constitutes a labor agitator does not appear. Ordinarily, the term would justly apply to one actively engaged in promoting the interests of laboring men. It does not imply the use of unlawful or improper means. For all that is shown in the complaint, the statement made by the appellant's agents concerning the appellee was true, and, if true, it could not render the appellant liable. It is also shown by the complaint that the information given to the officers of the Denver & Rio Grande Railroad Company was not volunteered by the appellant, but was given in answer to an inquiry made by the last-named company.

The complaint does not describe and allege such a malicious interference by the appellant with the business of the appellee as created a liability at common law.  *Chipley* v. *Atkinson,* 23 Fla. 206, 1 South. 934, 11 Am. St. 367. The demurrers to the complaint should have been sustained.

Judgment reversed, with directions to the court to sustain the demurrers to the complaint, and for further proceedings in accordance with this opinion.