### NUNN v. WEBSTER. (No. 523–3983.)*

(Commission of Appeals of Texas, Section A. April 9, 1924.)

**1. Libel and slander ⟪⟫54—Truth defense to libel.**

The showing, under proper pleadings, that statements claimed to be libelous are true is a perfect defense to a charge of libel.

**2. Libel and slander ⟪⟫41—Article to be qualifiedly privileged need not be true.**

One may set up the defense of qualified privilege in an action for libel without showing that the alleged libelous charge was true.

**3. Libel and slander ⟪⟫48(3)—Criticism of city secretary held comment upon conduct of office and qualifiedly privileged.**

A newspaper headline, "Robbed Woman of Job—Now He is Guessing," *held* a comment and criticism of city secretary's conduct of his office, made in view of his candidacy, and not to relate to him personally as an individual, and therefore to be qualifiedly privileged.

**4. Libel and slander ⟪⟫10(1)—Rule stated as to when criticism of conduct of office actionable per se.**

A comment on, and criticism of, conduct of an office, made in view of incumbent's candidacy, is not actionable per se, unless of such a nature that if true it would be cause for his removal from office, under Rev. St. art. 5595.

**5. Libel and slander ⟪⟫101(1) — Burden of proving malice in publication of article criticising conduct of office held on plaintiff.**

Where published article was a comment and criticism on conduct of an office, and the charge was not of such nature as would be cause for his removal from office, the burden was upon such officer suing for libel to show that publisher was actuated by actual malice.

**6. Libel and slander ⟪⟫101(1)—Actual malice held not inferred simply from character of language used.**

Actual malice could not be inferred on the part of one publishing a comment and criticism of plaintiff's conduct of an office from the character of the language used, without other evidence to indicate it.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by George C. Webster against J. E. Nunn. From a judgment of the Court of Civil Appeals (248 S. W. 711) reversing a judgment for him, the defendant brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Tatum & Strong, of Dalhart, and Underwood, Jackson & Johnson, of Amarillo, for plaintiff in error.

R. E. Stalcup, of Dalhart, for defendant in error.

BISHOP, J. Plaintiff in error, J. E. Nunn, was the publisher and owner of the Amarillo Daily News, and on the 27th day of March, 1921, published in said paper the following article:

"Robbed Woman of Job—Now he is Guessing.

"Special to the News: Dalhart, March 26th. City Assessor Geo. C. Webster let out his chief clerk to make place for a man, and now he has a fight on his hands to succeed himself for a second term. Miss Lillie Hampton has been the main reliance in the office of city secretary, which includes the duties of assessor and collector, for ten years. She was let out by Webster to make place for John Stalcup, who is also county treasurer, and now Miss Hampton is a candidate for city secretary against Webster. The Webster-Hampton fight is the only contest of the city election to be held April 5th. The only candidate for city treasurer is J. A. Childers; for alderman for ward 1, R. P. Hutton; ward 2, F. E. McDowell; ward 3, J. D. Starnes; ward 4, there are to be two aldermen, and E. T. Adair and E. G. Schuhart are the candidates."

At that time defendant in error, George C. Webster, was secretary and assessor and collector of taxes for the city of Dalhart, and a candidate to succeed himself for a second term. Miss Lily Hampton was assistant or clerk at the time Webster took the office in 1919 and continued to work for him as his assistant until February 3, 1921. Webster under agreement with her was paying her one-half of the commissions of the office. In December, 1920, he advised her that he could not pay her more than $100 per month after February 1, 1921. She declined to work for $100 per month, and he employed John Stalcup, the county treasurer, as his assistant. Miss Hampton became a candidate against him for city secretary and assessor and collector, and the campaign was in progress at the time the above article was published.

Defendant in error, Webster, testified that at that time he did not know plaintiff in error; that he had never had any conversations or dealings with him; that he had never had any dealings with any one connected with the Amarillo Daily News; and that he had no quarrels or differences with plaintiff in error, or with any one connected with the paper. The evidence shows that the article was received and published as a news item without any inquiry being made as to its truth or falsity, and that there was no inten-

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 7, 1924.

tion or purpose on the part of plaintiff in error, or any one connected with the paper, to injure defendant in error. There was no evidence tending to show that the article was published with a malicious intent.

Defendant in error filed suit against plaintiff in error to recover damages, alleging that the publication of the above article was libelous per se, and was published by plaintiff in error with knowledge that same was false and with malicious intent to injure him. Plaintiff in error answered by general denial and plea that the alleged publication was privileged, in that the defendant in error was a public officer, and a candidate for public office; that the article published was a matter of public concern, and published for general information; that same was a reasonable and fair comment or criticism of the official acts of a public officer; and that same was not malicious and was not made with any wrongful intent or intent to injure.

On trial before a jury the district court instructed a verdict for plaintiff in error, and judgment was rendered thereon.

[1, 2] The Court of Civil Appeals reversed and remanded the cause (248 S. W. 711), holding that the article published is libelous per se, and that—

"Before the published matter under consideration can be classed as qualifiedly privileged it must be found that the facts stated in the body of the article are true."

If this be correct, there could be no such rule as qualified privilege. The showing under proper pleadings that statements claimed to be libelous are true is a perfect defense to a charge of libel. It is idle to say that one must show a perfect defense before he can avail himself of the defense of a supposed privilege.

[3, 4] At the time of the publication of the article here in question, defendant in error, George C. Webster, was secretary and assessor and collector of taxes of the city of Dalhart and a candidate for re-election to this office. The published article is clearly a comment and criticism of his conduct of the office made in view of his candidacy.

In the case of Cotulla v. Kerr, 74 Tex. 89, 11 S. W. 1058, 15 Am. St. Rep. 819, Justice Henry says:

"When a libelous publication relates to a person in office it may affect him in his personal or official character. If it relates to him personally alone it is governed by the same rules that apply to an individual. If it applies to him as an officer the better opinion seems to be that to make it actionable per se the charge must be of such a nature that if true it would be cause for his removal from office. Id. 211, 212; Robbins v. Treadway, 2 J. J. Marsh. 540."

[5, 6] This decision was rendered prior to the enactment of article 5595 defining libel.

The occasion being conditionally privileged in that the published article is in regard to Webster's conduct as an officer, we think this rule still obtains. As the charge applies to him as an officer, and is not of such nature as would be cause for his removal from office, it could not, as a matter of law, be said to be such defamation as would render plaintiff in error liable. And, before defendant in error could recover, the burden was on him to show that plaintiff in error was actuated by actual malice in publishing the article.

"The occasion being privileged, the presumption of good faith obtained. The onus was on plaintiff to overcome this presumption." I. & G. N. Ry. Co. v. Edmundson (Tex. Com. App.) 222 S. W. 181.

Actual malice cannot be inferred from the character of the language used, without other evidence to indicate it. Simmons v. Dickson (Tex. Com. App.) 213 S. W. 612; Cranfill v. Hayden, 97 Tex. 544, 80 S. W. 609; Ry. Co. v. Richmond, 73 Tex. 568, 11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794; Denver Public Warehouse Co. v. Holloway, 34 Colo. 432, 83 Pac. 131, 3 L. R. A. (N. S.) 696, 114 Am. St. Rep. 171, 7 Ann. Cas. 840; Hemmens v. Nelson, 138 N. Y. 524, 34 N. E. 342, 20 L. R. A. 440.

The occasion here being conditionally privileged, and there being no evidence tending to show actual malice on the part of plaintiff in error, the trial court did not err in peremptorily instructing verdict in his favor.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.