**Wiley H. RAWLINS, Appellant,**

v.

**John McKEE et al., Appellees.**

No. 7143.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 11, 1959.

Rehearing Denied Sept. 8, 1959.

Arthur N. Bishop, Jr., Dallas, for appellant.

J. C. Muse, Jr., Dallas, for appellee A. H. Belo Corp.

Leachman, Gardere, Akin & Porter, Dallas, for appellee John McKee.

Jackson, Walker, Winstead, Cantwell & Miller and Donald C. Fitch, Jr., Dallas, for appellee Times Herald Printing Co.

PER CURIAM.

Plaintiff-appellant, Wiley H. Rawlins, sued defendant-appellee, John McKee, A. H. Belo Corporation, and the Times Herald Printing Company, for $1,000,000 in damages, which he claims to have sustained as a result of a political advertisement published by appellees at the height of appellant's campaign for the Texas Legislature in the year 1958. He contends that the ad was libelous because, in effect, it referred to him (without using his name) as "radical" and "left-winger" who was "backed and financed by D.O.T. left-wingers and the big shot labor bosses." The ad was alleged to have been printed on August 18, 1958, and reads as follows:

"VOTE
For Conservatives
Saturday, Aug. 23
Defeat the left-wingers in the
Democratic run-off primary
These are the Conservative
Democratic Candidates
Robert W. Hamilton
Associate Justice Supreme Court
Tom James
Place 4—Legislature
Ben Lewis
Place 5—Legislature

The above candidates, who personally ask your vote and support, are state

rights conservative democrats. Their radical opponents are being backed and financed by D.O.T. Left-wingers and the Big Shot Labor Bosses.

Your Vote is Urgently needed Saturday."

Appellees moved to dismiss the case on the ground that the petition failed to state a cause of action, because, as a matter of law, the ad was not libelous, and in any event was privileged. The motions were granted, the action was dismissed, and the appellant has appealed.

■ The only portion of the ad which appellant contends is libelous are the references to him as "radical" and as "backed and financed by the big shot labor bosses." He brings forward seven points of error and each point is challenged by appellees. It can readily be seen that appellant was not named in the newspaper ad. However, it is assumed for the purpose of this appeal that the appellations complained of referred to appellant and that they were untrue. In his brief, appellant contends only that the ad was libelous per se. The true meaning of "libelous per se" is, "Written or printed words if they are so obviously hurtful to the person aggrieved by them that they require no proof of their injurious character to make them actionable." Balentine, College Law Dictionary p. 492. He does not claim there was any malice or special circumstances which might give rise to libel per quod.

■ The reference to appellant, a candidate for public office, as "radical" and as "being backed and financed by the big shot labor bosses," even if untrue, as a matter of law is not libelous under Art. 5430, R.C.S., since (a) the language complained of is not defamatory, and (b) such language does not expose the appellant to "public hatred, contempt or ridicule" or "impeach the honesty, integrity, or virtue, or reputation."

Article 1, Sec. 8 of the Texas Constitution, Vernon's Ann.St., contains the following:

"Sec. 8. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. * * *"

"Libel" is defined in Art. 5430 as follows:

"A libel is a defamation expressed in printing or writing * * * tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of anyone, * * * and thereby expose such person to public hatred, ridicule, or financial injury."

■ It is universally recognized that an appellation may be quite false, abusive, unpleasant and objectionable to the person designated without being defamatory. In 37 A.L.R. 885, we find the following:

"The law is well settled that mere words of general abuse, however opprobrious, ill-natured, or vexatious, whether written or spoken, do not constitute a basis for an action for defamation, in the absence of an allegation of *special damages*." (Emphasis added.)

In Texas, of course, not all defamations necessarily come within the definition of a "libel" under Art. 5430. It must also have the drastic results described therein. Snider v. Leatherwood, Tex.Civ.App., 49 S.W. 2d 1107, wr. dis. The term "radical" is a commonly used word. It is defined in Webster's New International Dictionary (unabridged, 2d Ed.1955) as follows:

"Radical: * * * In politics, one who advocates radical and sweeping

changes in laws and methods of government with the least delay, esp. changes that it is believed will equalize social conditions, or remedy evils arising from them."

Under the dictionary definition there is nothing at all abusive, much less defamatory, about the term. It certainly does not have a violent and revolutionary impact as asserted by appellant.

Applying the term complained of to appellant, no matter how incorrectly, does not "expose him to public hatred, contempt or ridicule or impeach his honesty, integrity or virtue or reputation" as is required for defamation to become a libel under the law. The conclusion must be the same with regard to the statement that appellant was supported by "labor bosses." Wabash Railroad Co. v. Young, 1904, 162 Ind. 102, 69 N.E. 1003, 4 L.R.A.,N.S., 1091; Chicago, R. I. & P. Ry. Co. v. Medley, 1916, 55 Okl. 145, 155 P. 211, L.R.A.1916D, 587; 33 A.L.R.2d 1223.

Appellant seems to contend that if the language he dislikes is not on its face libelous, it is so by innuendo or by reverse logic. In Snider v. Leatherwood, supra [49 S.W.2d 1109], it was said that: "It is the true function of an innuendo to explain but not extend the effect and meaning of the language used, and charged to be libelous * * * So, the innuendo cannot enlarge or restrict the natural meaning of words, introduce new matter, or make certain that which was uncertain * * *."

The Texas case most squarely in point, Brown v. Houston Printing Co., Tex.Civ. App., 255 S.W. 254, arose out of the political struggle between Governor Hobby and former Governor Ferguson near the end of World War I. There the newspaper in an editorial repeatedly naming Brown, a candidate for the Texas Legislature, charged that he was a "Ferguson man on the Ferguson ticket" was "opposed to the Hobby win-the-war legislation" would "discharge the President and the war adminis-

tration by voting to put saloons around the (Army) camps again," and "[found] no fault with Ferguson's conduct," and that the voters should strike out his name on the ballot if they wished to vote for "the protection of the military camps against drunkenness, debauchery, disease, demoralization and weakness."

The court held that a general demurrer to the petition had been correctly sustained, because the objectional language (much stronger than here) simply was not libelous. It did not even mention statutory privilege. The court said that it could never be libelous to state, erroneously or otherwise, openly or by innuendo, that a person supported political views, measures or personages (there an impeached former governor) which were great public issues of the day and on which large groups of citizens differed.

That a candidate for county commissioner was a party to a "scheme" to change the planned route of a highway so as to by-pass certain towns was not libelous. Snider v. Leatherwood, supra.

That a sheriff's absence from his office resulted in the escape of a murderer and necessitated a three-year search for him was not libelous. Houston Chronicle Publishing Co. v. Thomas, Tex.Civ.App., 262 S.W. 243, wr. ref.

That a mayor had admitted he had put a forced retirement plan in effect for city employees to get rid of one particular employee, was not libelous. Herald-Post Pub. Co. v. Hervey, Tex.Civ.App., 282 S.W. 410, wr. ref., n. r. e. In that case the court assumed that the statement was both false and made with malice, but held that the statement was not defamatory.

In the case of Houston Printing Co. v. Hunter, Tex.Civ.App., 105 S.W.2d 312, 316, affirmed 129 Tex. 652, 106 S.W.2d 1043, the court said:

"As we understand the law as laid down by our courts in such cases, if

the alleged libelous matter is such that its language is obvious, unambiguous, and evident, and not capable of defamatory meaning, it would be the duty of the court to so declare it (and) to sustain a general demurrer thereto."

When the libel statutes were enacted all the common-law defenses were preserved. Art. 5433, R.C.A. provides in part as follows:

"Nothing in the title shall be construed * * * to take away any now or at any time heretofore existing defense to a civil action for libel, either at common law or otherwise, but all such defenses are hereby expressly preserved."

■ It is the common law of Texas, as well as the English-speaking world generally, that criticism of the official acts or conduct of public officials and candidates for public office, or of their fitness and qualifications for office, is privileged and not libelous, unless the charge is of such nature as to be grounds for removal from office. 27 Tex.Jur. 604; A. H. Belo & Co. v. Wren, 63 Tex. 686; Express Printing Co. v. Copeland, 64 Tex. 354; Cotulla v. Kerr, 74 Tex. 89, 11 S.W. 1058; Nunn v. Webster, Tex.Com.App., 260 S.W. 157; Houston Press Co. v. Smith, Tex.Civ. App., 3 S.W.2d 900, wr. dis.; Fitzjarrald v. Panhandle Pub. Co., 149 Tex. 87, 228 S.W. 2d 499; Herald-Post Pub. Co. v. Hervey, Tex.Civ.App., 282 S.W.2d 410, wr. ref., n. r. e.

In one decision, Jenkins v. Taylor, Tex. Civ.App., 4 S.W.2d 656, 658, wr. dis., the test in the case of a legislator or candidate for the Legislature was said to be whether the statement charged him with "such conduct as would impair his fitness for the office of legislator" or would "subject him to censure or reprimand before the bar of the House" if he were a member. Such is not the case here.

■ The libel statutes contain articles dealing with privilege. Art. 5432 R.C.S. contains in part the following:

"The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis for any action for libel.

\* \* \* \* \* \*

"4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information.

"5. The privilege provided under * * * this article shall extend to any first publication of such privileged matter * * * and to subsequent publication thereof * * * when * * * a matter of public concern * * * (but) may be made the basis of an action for libel upon proof that such matter has ceased to be of such public concern and that same was published with actual malice."

Clause (4) applies to candidates for public office as well as public officials. Fitzjarrald v. Panhandle Pub. Co., supra.

That a district attorney was an "incompetent", a member of the Ku Klux Klan, who was "dominated by a little clique of men in secret halls" and had "made a corpse out of the district attorney's office," was not libelous. Houston Press Co. v. Smith, supra. In this case the court said:

"When a man becomes a candidate for office his character for honesty, integrity, and matters which surround him which are calculated to affect his qualification and fitness for office are put before the public and are proper subjects for fair and reasonable comment." [3 S.W.2d 900.]

That a mayor seeking nomination as county judge had squandered $80,000 of the taxpayers' money on a useless drainage

basin while he was mayor, was not libelous. Fort Worth Press Co. v. Davis, Tex. Civ.App., 96 S.W.2d 416, wr. ref.

That a legislator had made statements on the floor of the Texas House of Representatives which were "violent and irresponsible" and which if they had been made elsewhere would subject him "to prosecution for libel," was not libelous. Westbrook v. Houston Chronicle Pub. Co., Tex.Com.App., 129 Tex. 95, 102 S.W.2d 197, 199.

We have carefully examined the plaintiff's petition and the defendants' motions to dismiss the case, and find that the order of dismissal was proper.

The judgment of the trial court is affirmed.