LOPAREX, LLC, Plaintiff/Counter-defendant,

v.

MPI RELEASE TECHNOLOGIES, LLC; Gerald Kerber; and Stephen Odders, Defendants.

No. 94S00–1109–CQ–546.

Supreme Court of Indiana.

Sept. 30, 2011.

*PUBLISHED ORDER ACCEPTING CERTIFIED QUESTION*

Pursuant to Indiana Appellate Rule 64, the United States District Court for the Southern District of Indiana has certified questions of Indiana state law for this Court's consideration. The questions arise in *Loparex, LLC v. MPI Release Technologies, LLC, et al.,* Case No. 1:09–cv–01411–JMS–TAB (S.D.Ind.). The questions, as framed by the district court, are:

1. Is *Wabash Railroad Co. v. Young* [162 Ind. 102], 69 N.E. 1003 (Ind. 1904), still good law, such that individuals who voluntarily leave employment are precluded from pursuing a claim under Indiana Code section 22–5–3–2?

2. In an action brought under Indiana Code section 22–5–3–2, are attorney fees incurred in defending an unsuccessful claim against a former employee or in prosecuting a claim by a former employee recoverable as compensatory damages?

3. Is an unsuccessful suit to protect alleged trade secrets, within which a former employer seeks to preclude any competitive employment of a former employee by pursuing per-manent injunctive relief and in settlement negotiations, a basis for recovery under Indiana Code section 22–5–3–2?

The certified questions, which each member of this Court has considered, are hereby ACCEPTED pursuant to Indiana Appellate Rule 64.

The Court further directs as follows:

a) There shall be simultaneous briefing of this matter. The plaintiff is allowed a single principle brief, and the defendants are jointly allowed a single principle brief. There shall be no responsive briefing thereafter. The plaintiff's brief shall be bound with a blue cover; the defendants' brief with a red cover. The briefs shall, to the extent reasonably practicable, conform to the provisions of Appellate Rules 43, 44, and 46, except that they may not exceed the greater of **fifteen (15) pages or 7,000 words,** and any brief exceeding fifteen (15) pages shall conform to the word count and certification requirements found in Appellate Rules 46(C), 46(E) and 46(F). The two briefs, and the appendix (if any), must be filed by **Thursday, October 27, 2011.**

b) In addition, an appendix shall be filed containing copies of documents from the federal court case that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Appellate Rule 50. It is anticipated that the parties will confer and agree on the materials to be included in an appendix. In addition to the matters included by the parties per their conference and agreement, the appendix shall also contain the Corporate Disclosure Statements filed in the District Court in this matter. The parties should avoid

unnecessary inclusion in the appendix of "memorandums of law" filed in the district court, since all necessary legal arguments should be presented to this Court in the briefs described in the preceding paragraph. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix." The original and eight copies of each brief, the original appendix, and any other filings in this matter shall be filed with the Clerk of the Indiana Supreme Court.

c) In addition to the service requirements contained in Appellate Rule 24, the parties shall also serve each other, no later than the date the document is filed, via electronic mail.

d) The parties shall file appearance forms within thirty (30) days of this order or contemporaneously with the first document filed by the appearing party, whichever comes first, as required by Appellate Rule 16(C). The appearance forms shall include electronic mail addresses for each attorney appearing in this case. These e-mail addresses shall be used in this case for transmission of all orders, opinions, and notices from the Clerk of this Court. *See* Ind. Appellate Rule 26. In addition, any attorney wishing to appear in this proceeding who has not been admitted to practice law in Indiana must comply with Indiana Admission & Discipline Rule 3, section 2, concerning temporary admission. The Court informs counsel that complying with Rule 3, section 2's requirements for temporary admission can, for some, prove somewhat time-consuming; therefore, affected counsel are encouraged to undertake meeting those requirements as soon as possible.

e) Extensions of time will be granted only in **truly extraordinary circum-**

**stances** and any motion seeking an extension of time must be made jointly by the parties.

f) An order scheduling oral argument in this matter shall be issued at a later date.

g) No later than two (2) weeks after the conclusion of this matter before this Court, the parties shall supply, in ".pdf" format via CD–Rom, file-stamped copies of all documents filed in this case, including the orders and opinions issued by this Court, to the Clerk of the United States District of Court for the Southern District of Indiana.

The Clerk is directed to send a copy of this order to the Hon. Jane Magnus–Stinson, United States District Judge; to the Hon. Laura Briggs, Clerk of the U.S. District Court for the Southern District of Indiana; to all counsel listed on the U.S. District Court Civil Docket Sheet submitted in this matter by the Clerk of the District Court; and to the Supreme Court Administration Office. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes this Court's decisions.

All Justices concur.