WILLIAM H. NOVINGER, Respondent, v. DANIEL R. SHOOP, Appellant.

Kansas City Court of Appeals, January 11, 1915.

1. INJUNCTION: Jurisdiction: Suit Involving Title to Real Estate. A suit by injunction to restrain defendant from closing a private road claimed by open, notorious and adverse use under claim of right for a period beyond the number of years required to establish same, and in which the defense is that the use was not adverse but was permissive, is a suit affecting title to real estate.

2. ———: ———: Transference to Supreme Court. Under such pleadings no judgment could be rendered that did not directly involve the title to the land occupied by the road. The judgment herein directly and without further proceedings affects the title to the strip in controversy since it decides the nature of the title and of the right to the possession thereof and takes that possession out of the defendant forever. Where the title to real estate is in some way affected by the judgment to be rendered in the entire case as made by the pleadings, or if the results of the litigation may directly, without sub-

sequent proceedings, affect the title to real estate, then the title thereto is involved within the meaning of the Constitution, and jurisdiction is in the Supreme Court.

Appeal from Adair Circuit Court,—*Hon. C. D. Stewart,* Judge.

CERTIFIED TO SUPREME COURT.

*Higbee & Mills* for appellant.

*P. J. Rieger* and *Cooley & Murrell* for respond-ent.

TRIMBLE, J.—This is a suit by injunction to restrain defendant from closing a private road and to remove the gates and fences placed thereon by defendant. The petition claims the right to said road and passageway by open, notorious, and adverse user under a claim of right for fifty-seven years. The defense is that the beginning and continuance of the use was permissive. The trial court found for plaintiff and perpetually enjoined defendant from obstructing said road and from inclosing it with fences and directing that the fences inclosing same be pulled down and abated.

It would seem that the judgment directly affects the title to the strip of land occupied by the road. And that under the pleadings no judgment could be rendered that would not directly involve the title thereto. If this be true, then the jurisdiction to hear and determine this appeal is in the Supreme Court. Where the title to real estate is in some way affected by the judgment to be rendered on the entire case as made by the pleadings and evidence, then, under the Constitution, jurisdiction is in that court. [Price v. Blankenship, 144 Mo. 203, 1. c. 206.] If the result of the litigation may directly, without subsequent proceedings, affect the title to real estate, then title to

real estate is involved within the meaning of the Constitution, and jurisdiction, in such case, is in the Supreme Court. [Heman v. Wade, 141 Mo. 598.] The result of the judgment in the case at bar, directly, and without further proceedings affects the title to the strip in controversy since it decides the nature of the title and of the right to possession of the strip of land in question ·and takes that possession out of the defendant forever. We are, therefore, of opinion that the case should be transferred to the Supreme Court. It is so ordered. All concur.