JOHN EDWARD TOOKER, ERMA PEASE and EMMA TOOKER ANTONE v. MISSOURI POWER & LIGHT COMPANY, a Corporation, Appellants. —80 S. W. (2d) 691.

Division Two, March 5, 1935.

*Thomas P. Burns* for appellant.

*H. K. West* for respondents.

COOLEY, C.—Action in ejectment for possession of a strip of land described as fifteen acres off the north side of the north half of the southeast quarter of Section 3, Township 57, Range 20, in Linn County, and for damages caused by defendant by its alleged wrongful entry, by cutting down trees and by erecting poles and wires for the transmission of electricity. The alleged wrongful entry and other acts complained of are alleged in the petition to have been done on or about the —— day of November, 1930. The strip of land in question is bounded on the north by a public highway and it appears that defendant's transmission line follows the highway, but

that five of its poles are inside the fence and upon the premises in question and that in addition there is "one stay wire running into the field."

The defense was that defendant had acquired a right-of-way upon the land for the purpose of maintaining thereon its transmission line and had paid the damages for the appropriation thereof by payment of a judgment obtained against it by these plaintiffs in a former action. The case was tried to the court without a jury, resulting in a judgment for plaintiffs for possession and one dollar damages. The effect of the judgment is to deny defendant's claim of owner-ship of an easement or right of way. The appeal was granted to the Kansas City Court of Appeals, which court transferred the case to this court on the ground that title to real estate is involved, giving this court appellate jurisdiction. We think the case was properly transferred. See Novinger v. Shoop, 185 Mo. App. 526, 172 S. W. 616, transferred by Court of Appeals and jurisdiction taken here, Novinger v. Shoop (Mo.), 201 S. W. 64.

■ I. We are first confronted with a motion filed by respond-ent to dismiss the appeal for failure of appellant to give an appeal bond conditioned as provided by Section 1383, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1601), which reads: "No appeal shall be al-lowed nor *supersedeas* granted on a writ of error in favor of the defendant, unless the recognizance be in a sum and with security suf-ficient to secure the payment of all damages and accruing rents and profits, and with condition to stay waste, in addition to the conditions now require by law in such cases."

It appears from a certified copy of the appeal bond herein, filed with respondent's motion, that such bond was conditioned only as provided by Section 1022, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1299), prescribing the conditions of appeal bonds generally, and did not contain the additional conditions required by Section 1383; also it is shown that the bond was not filed until more than ten days after final adjournment of the term at which the appeal was taken. The appeal must, therefore, be treated as having been granted with-out the filing of the statutory bond. It does not appear what order if any, the court made relative to the filing of an appeal bond at the time of granting the appeal. Appellant's abstract of record recites that defendant filed its application and affidavit for appeal which application "was by the court found sufficient and said appeal was duly granted by said circuit court to the Kansas City Court of Appeals;" a recital that, absent a showing to the contrary, would be deemed sufficient under present court rules. Respondent contends that the giving of an appeal bond conditioned as provided by said Section 1383 is jurisdictional, that is—that it is an absolute con-dition to the right of appeal by a losing defendant in an ejectment suit and that unless such bond has been timely filed the appellate

court is without jurisdiction of the appeal. Appellant has not favored us with a brief on this point.

We do not so interpret the statute in question. It is the policy of the law, as evidenced by statutory provisions on the subject, to allow appeals from final judgments to the end that the losing party may have a review of alleged errors committed to his prejudice by the trial court. It is evidently the legislative belief that the ends of justice are thus best subserved. The right of appeal is statutory, but, no doubt having in mind this salutary legislative purpose, this court said in Stid v. Mo. Pac. Ry. Co., 211 Mo. 411, 418, 109 S. W. 663, that "an appeal being the creature of the statute, the object to be subserved being to get at the very right of the cause, statutes pertaining to procedure are entitled to a liberal construction and courts should not be prone to plant thorns in the path of appeal." That was said in holding that a judgment might be treated as final for the purpose of an appeal, though a motion in arrest of judgment had not been passed upon. In Hurley v. Universal Clay Co., 278 Mo. 408, 415, 213 S. W. 28, it is said that the right to an appeal, though purely statutory, is remedial and therefore to be liberally construed, citing the Stid case. [See, also, O'Malley v. Cont. L. Ins. Co., 335 Mo. 1115, 75 S. W. (2d) 837, 839.] In construing statutes the courts seek to arrive at and enforce the intention of the Legislature. "In construing statutory provisions the object and purpose which induce their enactment and the mischief they are intended to prevent must be given effect (Spitler v. Young, 63 Mo. 42), as must also the results and consequences of a proposed interpretation." (Citing cases.) [Straughan v. Meyers, 268 Mo. 580, 187 S. W. 1159, 1163, (11-12).]

In Bowers v. Missouri Mut. Assn., 333 Mo. 492, 505, 62 S. W. (2d) 1058, 1063 (3-7), we said that, "In arriving at the legislative intent doubtful words of a statute may be enlarged or restricted in their meaning to conform to the intent of the lawmakers, when manifested by the aid of sound principles of interpretation" (citing cases), and, quoting from State ex rel. Asotsky v. Regan, 317 Mo. 1216, 298 S. W. 747, 749, "while we have no right to construe a law by our view of its expediency, we can take that feature into consideration in attempting to ascertain what was in the legislative mind."

The statute in question is not very clearly worded. It appears intended to apply only to the losing defendant in an ejectment suit who is in possession. That leaves the plaintiff, if he loses, free to seek review of the cause on the merits by appeal, under the general code, as in any other case. If the statute was intended to deny to the losing defendant a similar right of review, why the discrimination against him and in favor of the plaintiff? Under the general Code, Section 1018, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1286), "Any party to a suit aggrieved by any judgment of any

circuit court in any civil cause from which an appeal is not pro-hibited by the Constitution, may take his appeal . . . from the final judgment in the case. . . ." The recognizance required by the general code, Section 1022, supra, is designed and operates only to stay execution while the appeal is pending. Failure to file it or to have it approved does not affect the jurisdiction of the appellate court. [New York Store Merc. Co. v. Thurmond, 186 Mo. 410, 428, 85 S. W. 333; Schultz v. Jones, 223 Mo. App. 142, 9 S. W. (2d) 248, 251.] Ejectment may present an issue of title to the land involved, as in the instant case. What reason can there be for allowing to a losing plaintiff a review on appeal of such issue, or any issue affecting the merits, without bond, and denying to a losing defendant a similar right? We can think of none, and we do not believe the Legislature so intended. The reason for requiring that the recognizance, when the appeal is taken by the defendant in possession, should contain the conditions provided in Section 1383, in addition to those required by the general statute, in order that the appeal shall operate as a *supersedeas*, is readily apparent and we think that such, and such only, was the purpose of the statute; and its purpose was to deal with the question of *supersedeas* on appeal or writ of error when the defendant in possession seeks to hold the land, obtaining the rents and profits, and may commit waste, while his appeal is pending. The language of the statute, as well as its apparent purpose, seems to us so to indicate. It refers to "*the* recognizance," evidently meaning the recognizance provided for on appeal by the general statute, Section 1022, supra. The Legislature must have had in mind the right of appeal given by Section 1018, supra, and the recognizance in such case provided by Section 1022. We think that said Section 1383 is susceptible of such construction. So construed it harmonizes with other statutory provisions relative to appeal, and with the spirit and policy of the law evidenced thereby and avoids imputing to the Legislature an intent to discriminate, without apparent reason, between litigants in the same cause.

We have been unable to find any decision construing Section 1383 in the respect here involved. Some analogy, fortifying our conclusion, is found in the construction placed upon Section 1021, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1299), which reads: "No appeal shall be allowed in any civil cause by any trial court . . . *until* the docket fee of ten dollars . . . shall have *first been deposited* with the clerk of the trial court." (Italics ours.)

The "docket fee" referred to goes to the clerk of the appellate court. Notwithstanding the seemingly mandatory form of the language of Section 1021 we have held that, while, if timely objections are made in the trial court, such court might be authorized to refuse the appeal, "we take it that the statute means that this

deposit should be made when the application for the appeal is made, yet if it is not made, and no objections are urged at the time, and the appeal is granted, the jurisdiction of this court is as effective as if the deposit had been made with the application for appeal, provided the appellant can run the gauntlet with our clerk under Section 3241 (R. S. 1899), supra.'' [Reinauer v. Wabash Railroad Co., 210 Mo. 109, 114, 108 S. W. 531.]

For the reasons indicated we overrule the motion to dismiss the appeal and consider the appeal on its merits.

II. It is admitted that plaintiffs were the owners, as tenants in common, of the strip of land in question when the acts complained of were done. About November, 1930, the defendant erected a transmission line, setting some of its poles, as above stated, inside plaintiff's fence and upon their said premises. In so doing defendant cut a few trees and cleared out brush, etc., on plaintiffs' land in order to clear the space occupied by its line. After this work had been done and the transmission line erected the plaintiffs herein brought a suit for damages against defendant in the Circuit Court of Linn County, returnable to the December Term, 1931, of the court. The petition therein was in two counts. The first count alleged in substance that the defendant, on or about the ——— day of November, 1930, unlawfully and without right entered upon plaintiffs' said land and cut certain trees, destroyed grass and plants, a part of the realty, and dug up earth, all to plaintiffs' damage in the sum of $535, and that said acts were done in violation of the treble-damage statute, Section 3291, Revised Statutes 1929 (5 Mo. Stat. Ann., p. 3406). Said first count prayed damages in the sum named and that the damages be trebled as provided in the statute. The second count alleged that at said time the defendant wrongfully entered upon said lands and set thereon six poles upon which it placed wires carrying a high and dangerous current of electricity; that said electric line was close to the plaintiffs' house, endangering the occupants thereof; that trees would not live in close proximity to the line because of the high current carried thereon; wherefore the market value of plaintiffs' said land was damaged in the sum of $750 for which judgment was asked. In both counts the defendant was alleged to be a Missouri corporation engaged in the business of generating, distributing, transmitting and selling electricty and having lines, wires and poles for the transmission of electricity through Linn and other counties in Missouri. It is so alleged in the petition in the instant case.

In its answer to plaintiffs' petition in said first suit the defendant, after a general denial, pleaded that before entering upon the land it had procured a right of way for the erection thereon of its line from one Demarest, who had been placed in possession by plaintiffs un-

der a written contract of sale by which Demarest was to pay the purchase price on March 1, 1931, and that Demarest was so in possession and had equitable title when defendant procured said right-of-way from him and when it entered upon the land, erected its line and did the acts complained of. On motion of plaintiffs that part of the answer was stricken out as constituting no defense. It seems that Demarest failed to pay plaintiffs for the land on March 1, 1931, and forfeited his rights under his contract with plaintiffs, and the latter were in possession as owners when the first suit was filed. After said portion of defendant's answer had been stricken out the plaintiffs voluntarily dismissed the second count of their petition and the cause proceeded to trial on the first count, on which they recovered a verdict for $29.75. The court refused to treble the award, evidently deeming that the defendant had acted in good faith and on probable cause to believe its acts authorized (see Sec. 3294, R. S. 1929, 5 Mo. Stat. Ann., p. 3410), and entered judgment for the amount of the verdict. Neither side appealed and defendant paid the judgment. That judgment was rendered on December 16, 1931. This suit was filed January 4, 1932. In this case, except for an admission as to the ownership of the land involved and proof by plaintiffs of the number of poles set on their land by defendant, the evidence consisted of the pleadings in the first suit, plaintiffs' motion to strike a portion of defendant's answer and the court's ruling thereon, and the instructions, verdict and judgment in said first suit, which records were introduced by defendant.

We think plaintiffs are precluded by their prior suit and recovery from maintaining this action. Respondents have filed no brief herein but by their pleading in both suits they seem to concede, as defendant contends, that defendant is an electrical corporation within the meaning of Section 1340, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1533). As such it might have acquired a right-of-way over plaintiffs' land for the erection and maintenance of its transmission line by condemnation. From the portion of its answer in the first suit which was stricken out and from the court's refusal to treble the damages on plaintiffs' motion therefor in that suit it may be inferred that defendant believed with probable cause that it had lawfully acquired a right-of-way from Demarest. That belief proved to be a mistaken one, leaving defendant in the position of having appropriated such right-of-way without legal authority and without plaintiffs' consent. In so doing it damaged plaintiffs. It appears to us plain that the transmission line was intended to be and is a permanent structure. No suggestion to the contrary appears in the record. It is also clear that the line had been erected and all damages of which plaintiffs complain had been done in November, 1930, prior to the institution of the first suit. No additional or subsequent damage is claimed or suggested in the instant suit. The entire cause

of action had accrued when the first suit was brought. [James v. City of Kansas, 83 Mo. 567; DeGeofroy v. Merchants Bridge Ter. Ry. Co., 179 Mo. 698, 720 et seq., 79 S. W. 386; Kent v. City of Trenton (Mo. App.), 48 S. W. (2d) 571.] Plaintiffs had their election to sue in ejectment or to treat defendant's acts as an appropriation of the right-of-way, and sue for damages. [Doyle v. Kansas City & S. Ry. Co., 113 Mo. 280, 20 S. W. 970; Tower v. Compton Hill Improvement Co., 192 Mo. 379, 393, 91 S. W. 104.] In such action for damages they were entitled to sue for and recover all damages occasioned by such wrongful appropriation, the same as though defendant had proceeded by condemnation. [Doyle case, supra.] The two remedies are clearly inconsistent. Plaintiffs elected to sue for damages. Had they retained their second count in the first suit and in that action recovered all the damages occasioned by the wrongful appropriation, as they might have done, there can be no doubt but that they would thus have precluded themselves from obtaining further recovery or disputing the defendant's right to retain the right-of-way appropriated and thus paid for, which would thereupon have vested in defendant. [Doyle v. Kansas City & S. Ry. Co., supra, and see, also, Smith v. City of Sedalia, 244 Mo. 107, 149 S. W. 597.] Where a party has the right to pursue one of two inconsistent remedies and he makes his election, institutes suit and prosecutes it to final judgment he cannot thereafter pursue another and inconsistent remedy. [Tower v. Compton Hill Improvement Co., supra; Boogher v. Frazier, 99 Mo. 325, 12 S. W. 885; Nanson v. Jacob, 93 Mo. 331, 345, 6 S. W. 246.]

In the first case the plaintiffs, evidently, did not recover all the damages to which they were entitled. It appears that they recovered for the damage to the market value of their lands caused by the cutting of trees, because the court, at their request, instructed the jury, on the measure of damages, to consider "the difference in the reasonable market value of said land immediately before and immediately after the cutting of said trees occasioned solely by the cutting and destruction of said trees." By the dismissal of their second count—their voluntary act—they withdrew from the case the question of damage resulting from the erection and maintenance of a high voltage electrical transmission line across their lands. Did they and could they thus escape the legal effect of their election to sue for damages rather than in ejectment? We think not.

Plaintiffs sued for damages instead of suing in ejectment. They pursued that remedy to final judgment, which they collected. By so doing we think they elected to treat defendant's appropriation of the right-of-way as a permanent and accomplished thing. Conceding that on the record herein they did not recover all the damages to which they were entitled their failure to do so was their own fault. They could have recovered in their first action all the

600

damages sustained, all of which had then accrued and were ascertainable. It is settled law that a party will not be permitted to split his cause of action and sue for part only of the damages accrued to him out of a single transaction and then, having recovered, vex his adversary with another suit for the remainder of the damages which he could and should have sued for and recovered in the first action. [Melvin v. Hoffman, 290 Mo. 464, 493, 235 S. W. 107, 114; Kansas City to use of Mo. Pac. Ry. Co. v. Southern Surety Co. (Mo. App.), 51 S. W. (2d) 221, 224 (3).] If plaintiffs, after having recovered part of their damages in the first suit, had then sued again for *damages*, asking judgment for the remainder of the damages sustained by them by reason of the same acts of defendant as in the first case and which had accrued when that suit was filed and could have been included and litigated therein, clearly they would have been precluded in the second suit. It appears to us that plaintiffs' action in suing for damages in the first suit, instead of suing in ejectment, must, in the circumstances of this case, be given the same legal effect as an election between inconsistent remedies as though they had in the first suit included all the damages they were entitled to instead of only a part thereof.

In our opinion the propriety of the conclusion above stated is not affected by the fact that plaintiffs may have thought—mistakenly as the event proved—that they had an action for treble damages for the cutting of trees and destruction of grass and plants. We see no reason why they could not properly have sued, as they originally did, in one count for such treble damages and in another count for single damages growing out of the same acts of defendant,—the same transaction, all of which damages had accrued when the first suit was brought. In other words they might have retained and litigated in the first suit the claim for damages asserted in the second count of their petition in that suit. This holding finds support in Hunter Land and Development Co. v. Caruthersville Stave & Heading Co. (Mo. App.), 9 S. W. (2d) 531. We think the judgment of the circuit court is for the wrong party and cannot be sustained. It is reversed. *Westhues* and *Bohling*, CC., concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.