G. OMAR LANGENBERG, Sole Surviving Statutory Trustee, ARROW REALTY AND INVESTMENT COMPANY, a Defunct Corporation, Appellant, v. CITY OF ST. LOUIS, a Municipal Corporation.—No. 39842.—197 S. W. (2d) 621.

Division One, October 14, 1946.

Rehearing Denied, November 11, 1946.

*Oliver J. Miller, Lashly, Lashly, Miller & Clifford* and *Robert G. Maysack* for appellant.

636

*George L. Stemmler, Charles J. Dolan* and *Oliver Senti* for respondent.

VAN OSDOL, C.—Plaintiff has appealed from a judgment dismissing an action for $50,000 damages for alleged unlawful deprivation of the use and enjoyment of lands.

The principal question presented is whether plaintiff's fourth amended petition states a claim upon which relief can be granted; and, should this court rule the petition is in such respect insufficient, then a further question is presented—did the trial court err in rendering judgment of dismissal without permitting plaintiff to further

amend. It is contended by plaintiff that the trial court acted arbitrarily and in violation of the Civil Code of Missouri, Laws of Missouri 1943, p. 353 et seq.

December 8, 1922, Arrow Realty and Investment Company, a corporation, hereinafter referred to as Investment Company, bought (for subdivision, and lease and sale of lots for building purposes) a tract of land from the City of St. Louis, trustee under the will of Bryan Mullanphy, deceased. See Thatcher v. City of St. Louis, 335 Mo. 1130, 76 S. W. 2d 677; City of St. Louis v. McAllister, 302 Mo. 152, 257 S. W. 425; City of St. Louis v. McAllister, 281 Mo. 26, 218 S. W. 312; City of St. Louis v. Crow, 171 Mo. 272, 71 S. W. 132; City of St. Louis v. Wenneker, 145 Mo. 230, 47 S. W. 105; Chambers v. City of St. Louis, 29 Mo. 543. The instant action was instituted by Investment Company August 26, 1933. Prior to the effective date (January 1, 1945) of the Civil Code of Missouri, supra, the trial court had sustained general demurrers to the original petition, to the first amended petition, and to the second amended petition. December 31, 1941, Investment Company filed its third amended petition. Although defendant City filed motion to strike the third amended petition from the files and to dismiss, and prayed the trial court to adjudge plaintiff liable for treble costs (Section 948 R. S. 1939, Mo. R. S. A. sec. 948), the court did not rule on the motion. September 17, 1945, it was suggested to the trial court that Investment Company "had become defunct" prior to January 1, 1945, and the caption of the third amended petition was by leave of court interlined to show G. Omar Langenberg, "Sole Surviving Statutory Trustee" of Investment Company, as party plaintiff. September 18, 1945, plaintiff by leave filed the fourth amended petition, and September 28, 1945, defendant City filed its motion to dismiss and for judgment for defendant. It was stated in the motion as a ground for dismissal that plaintiff had failed to state a claim upon which relief could be granted.

The trial judge (presiding judge of Division Number One, Eighth Judicial Circuit) considered the fourth amended petition to be identical in effect with the second amended petition to which a general demurrer had been sustained as stated supra. The trial judge was not presiding in Division Number One when the general demurrer to the second amended petition had been sustained; but it was his practice not to review decisions made by the presiding judges preceding him in Division Number One, and the motion to dismiss and for judgment for defendant City was accordingly sustained, January 23, 1946.

Omitting formal allegations, description of lands and prayer for relief, the fourth amended petition alleged,

". . . that at the time of the conveyance of the real estate to the plaintiff . . . and unknown to . . . Investment Company,

but known to defendant, there passed through and under the surface of . . . the real estate conveyed to plaintiff . . . one 36″ water main and one 20″ high pressure water main of the City of St. Louis; that although defendant knew that said Company purchased said property and thereafter platted and graded the same for the purpose of building upon, renting and selling the same, and knew that the presence of said water mains, in use and operation, across said property, would prevent the use of said property for building purposes, and damage and destroy its value for the purpose for which said property was sold to and bought by said Company, yet defendant kept said Company in ignorance of the presence of said mains under said property and did not disclose their presence to said Company until plaintiff prepared to build thereupon and undertook to secure proper permits therefor from defendant; whereupon in September of 1924, when plaintiff desired to build thereon, defendant informed plaintiff of the presence of said mains under said property and did then and there and without permit or right and against the will of said Company unlawfully enter upon said above described property by forcing water under pressure through said mains upon and across plaintiff's property and by failing to remove said mains or discontinuing their use; that although demand was made upon the defendant, upon the discovery of said pipes and their use by said Company, that it remove the same and refrain from and discontinue the use of same so that plaintiff might exercise its rights thereto and build thereon or sell the same for building purposes, the defendant failed and refused to remove the same or discontinue the use of same, but the defendant unlawfully suffered and permitted the same to be and remain upon and through . . . said real estate and unlawfully continued to force water through the same until the month of September, 1928, against the will and despite the objections and protests of said Company; (that during said time defendant wholly and continuously prevented said Company from prosecuting its remedies against defendant through the enactment of Ordinance #33452 and by the filing of a condemnation suit against this said Company, being cause #91179B in Circuit Court of St. Louis, Missouri, for the condemnation by defendant of plaintiff's said property under which said mains were located, for a public street, which said suit was kept alive and active by defendant until said month of September, 1928, when defendant dismissed the same); that by reason thereof the said Company was entirely deprived of the beneficial use and enjoyment of . . . said real estate so owned by it . . .

"That the suffering and permitting of said water mains to be and remain on said land constituted a trespass. That the use thereof by forcing water through same and maintaining a constant and continuous flow of water through the same against the will of said Com-

pany constituted a trespass and that the plaintiff, as trustee of said Company, has been damaged thereby . . ."

After the trial court had sustained defendant's motion to dismiss, plaintiff filed motion for a new trial on the grounds that the trial court erred in holding the fourth amended petition insufficient; that the spirit of the Civil Code of Missouri, supra, was violated by the judgment of dismissal; and that, although the petition may be technically insufficient, plaintiff has a claim upon which relief can be granted and which could be stated if plaintiff were permitted to further amend. The motion was overruled January 29, 1946. In the motion for a new trial, plaintiff had offered and requested the trial court's permission to amend the petition by interlining the following allegations,

"That at the time of said conveyance to . . . Investment Company, no easement or other right to maintain water pipes or force water through the same across the said property was reserved, nor did any easement or other right or permit for such purpose appear of record in the office of the Recorder of Deeds, and . . . Investment Company had no notice of the presence of said pipes or of a permit to build or maintain them, and this plaintiff states that whatever right or permit the defendant may have had to lay or maintain such pipes, the same did not run with the land and were not binding upon plaintiff and were revocable upon notice."

Thus the trial court had opportunity to determine and, no doubt, considered the question of the sufficiency of the petition in conjunction with the further amendment proffered in the motion for a new trial.

Endeavoring to uphold the contention that the fourth amended petition (considered as if amended by the allegations proffered in plaintiff's motion for a new trial) states a claim upon which relief can be granted, plaintiff-appellant urges the facts pleaded show inferentially that the water mains were originally constructed upon the described lands by defendant City as a licensee of the then owner. Plaintiff says an easement is an estate in land and must be created by a writing, while a license may be created by parol. And, since it is alleged that no "easement or other right or permit" appears of record in the office of the recorder of deeds, it is argued there must have been no writing, and the water mains "inferentially were built under a (parol) license defendant had with the then owner, Mullanphy Estate." Having relied upon the recognition of such inference, plaintiff urges the conclusions that the sale of the property to plaintiff by the City, as testamentary trustee, revoked the license, making the defendant City thereafter, in the continued operation of the water mains, a trespasser. Further, plaintiff says, if "perchance the city built the pipes originally as a trespasser rather than under a license, that would put the city in no better, but in a less advantageous, position."

640

On the other hand, it is contended by defendant-respondent City, it must be inferred that at the time of the conveyance of the land to Investment Company a right to construct and maintain the water mains across the described lands had been appropriated by defendant City for a public use and, consequently, even if the appropriation were wrongful, no claim or cause of action accrued to Investment Company by reason of the maintenance and operation of the water mains; that is, the appropriation having occurred prior to the time plaintiff acquired title, whatever claim accrued because of the appropriation accrued to the owner of the land at the time and no claim has accrued to plaintiff.

█ Prior and subsequent to the enactment of the Civil Code of Missouri, it was and is essential in pleading a claim or cause of action that *facts* be stated showing the pleader to be entitled to relief. Section 916 R. S. 1939, Mo. R. S. A. sec. 916; Section 36, Civil Code of Missouri, Laws of Missouri 1943, p. 369; Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 69 S. W. 355; Koewing v. Greene County Building & Loan Ass'n. of Springfield, 327 Mo. 680, 38 S. W. 2d 40; Gerber v. Schutte Investment Company, 354 Mo. 1246, 194 S. W. 2d 25. A general demurrer, prior to the enactment of the Code, was directed to the sufficiency of the allegations of fact in a pleading. Bare legal conclusions, unsupported by allegations of issuable facts, were disregarded. █ "*What are the facts?* Surely defendant was entitled to a statement of the *constitutive facts* which compose plaintiff's cause of action . . ." Mallinckrodt Chemical Works v. Nemnich, supra. And in ruling the sufficiency of the facts pleaded to state a claim or cause of action, a court will look to material and essential allegations which are not made as well as those made. Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 62 S. W. 2d 803; Lackawanna Coal & Iron Co. v. Long, 231 Mo. 605, 133 S. W. 35. The legislature in enacting the new Code has not sanctioned "notice pleading" which, it has been asserted by some, is contemplated by the Federal Rules of Civil Procedure. . See Vol. 4, Cyclopedia of Federal Procedure, 2d Ed., sec. 1092, p. 341. The legislature considered it more helpful that we should not ignore or abandon what learning and experience have found to be a plain statement of the facts (rather than conclusions) constituting a claim or cause of action. Section 36, Civil Code of Missouri, supra; The Modernized Civil Code of Missouri, Hon. Charles L. Carr, 9 M. L. R. 1, at pages 13 and 14. The difference between the required "short and plain statement of the facts showing that the pleader is entitled to relief" of Section 36, Civil Code of Missouri, supra; and the "short and plain statement of the claim" showing the pleader is entitled to relief as required by Rule 8 (a) of the Federal Rules of Civil Procedure, 28 U. S. C. A. following Section 723 c, p. 401, has been noticed. Gerber v. Schutte Investment Company, supra.

We are of the opinion the fourth amended petition fails to state a claim upon which relief can be granted. The petition is devoid of any statement of fact relating to defendant City's original entry upon and the construction of the water mains through and under the surface of the described land. There are no facts pleaded from which it is necessarily inferred that the right in defendant City to enter upon the lands and to construct, maintain and operate the mains was that of a mere licensee. Allegations proffered as an amendment in plaintiff's motion for a new trial do not state the facts relating to the right of defendant City to lay and maintain the water mains through the described land; and the allegations that whatever right or permit defendant had to lay or maintain the mains "did not run with the land, and were not binding upon plaintiff and were revocable upon notice" were but legal conclusions of the pleader. (We construe those allegations of the fourth amended petition which plaintiff has enclosed in parenthesis as explanatory of the delay in commencing the action rather than a statement of facts constituting a claim.) Considering the alleged size of the mains, it is apparent that, in the laying of the mains, it was intended the improvements were to be permanent. In view of the existence of the permanent improvements through and under the described land as alleged, their apparent contemplated continuing use and their use by defendant City, it is reasonable to infer defendant City lawfully acquired a right to construct and maintain the mains across the land for a use, a public use, under its right of eminent domain by condemnation with the payment of just compensation (Article I, Section 1, Clauses (9) and (11); and Article XXI, Charter of the City of St. Louis); or by payment of compensation agreed upon with the owner when a right to lay and maintain the mains across the lands for the public use was otherwise acquired. (Compare State ex rel. Crow v. St. Louis, 169 Mo. 31, 68 S. W. 900.) Or if "perchance," as plaintiff has suggested, defendant City's original entry upon the described lands was wrongful, nevertheless, since the entry must have been made and permanent improvements constructed for a contemplated public use, a claim or cause of action accrued to the then owner for all damages, present and prospective, occasioned by the wrongful appropriation, quite as though defendant City had proceeded in condemnation. The damage being entire upon the wrongful appropriation, the claim was not transmitted to plaintiff, a subsequent grantee. Kent v. City of Trenton, Mo. App., 48 S. W. 2d 571; 27 R. C. L., Vendor and Purchaser, sec. 292, p. 554. See also Riggs v. City of Springfield, 344 Mo. 420, 126 S. W. 2d 1144; Tooker v. Missouri Power ██ & Light Co., 336 Mo. 592, 80 S. W. 2d 691; James v. Kansas City, 83 Mo. 567; Soulard v. City of St. Louis, 36 Mo. 546; 18 Am. Jur., Eminent Domain, sec. 385, at page 1030. In the case of Pitzman v. Boyce, 111 Mo. 387, 19 S. W. 1104, cited by plaintiff, the plaintiff Pitzman could

not enjoin defendant Boyce's removal of an improvement, plaintiff Pitzman's private sewer pipe, which had been constructed upon defendant Boyce's land—"The circumstances of this case . . . conspicuously" showed the right to construct the sewer pipe was "merely permissive" and revocable. And other cases of this and other jurisdictions, cited by plaintiff, are not useful to us here.

In the case of Gerber v. Schutte Investment Company, supra, it was remarked that the purpose and intent of the Civil Code of Missouri would not be consummated by sustaining a motion to dismiss with prejudice, where the plaintiff has not been afforded time to amend, or to avail himself of procedure provided by the Code, if necessary, for ascertaining actual facts which would enable him to amend and to state a claim upon which relief could be granted. And, as stated in the Gerber case, assuming a plaintiff cannot state a claim after he has had opportunity to discover the actual facts and amend, substantial justice would not be served by permitting the plaintiff to nevertheless avail himself of trial procedure. Plaintiff complains that the trial court did not direct a pre-trial conference (Section 84, Civil Code of Missouri, supra) at which plaintiff could have become advised of the respect in which the petition was insufficient. The usefulness of the pre-trial conference must be emphasized, but its use is, by the language of the Section 84, discretionary. And the reasonableness of the time and the opportunity allowed a pleader to avail him of the new Code's procedure is peculiarly within the trial court's discretion. Gerber v. Schutte Investment Company, supra. In the case at bar the action had been pending for more than twelve years and four petitions had been held insufficient when the motion for a new trial was overruled and judgment for defendant became final. Plaintiff had more than one year after the effective date of the new Code to avail of the new Code's procedure. Apparently the trial court was of the opinion plaintiff had had reasonable time and opportunity to investigate the actual facts and, if necessary, to avail of the new Code's procedure for ascertaining the facts; and the trial court was justified in concluding that the actual facts, if stated, would not constitute a claim in plaintiff against defendant City. In the situation we believe the trial court's action in overruling the motion for a new trial, thus making the judgment of dismissal final, was not arbitrary.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur except *Clark, J.*, absent.