### UTAH STATE RETIREMENT OFFICE
and Utah State Retirement Fund, Plaintiffs and Appellants,

v.

SALT LAKE COUNTY, a body politic, R. Milton Yorgason, Salt Lake County Assessor, Arthur L. Monson, Salt Lake County Treasurer, Craig B. Sorenson, Salt Lake County Auditor, and Board of Equalization of Salt Lake County, State of Utah, Defendants and Appellees.

No. 860580.

Supreme Court of Utah.

Sept. 15, 1989.

---

Mark A. Madsen, Salt Lake City, for plaintiffs and appellants.

David E. Yocom, Bill Thomas Peters, Karl L. Hendrickson, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

Plaintiffs brought suit against defendants, seeking a refund of $152,258.61 in property taxes paid under protest. The trial court denied plaintiffs' motion for summary judgment and granted summary judgment in favor of defendants. Plaintiffs appeal, arguing that the real property of the Utah State Retirement Fund (the Fund) is exempt from ad valorem property taxes. We hold that property of the Fund is "property of the state" within the meaning of article XIII, section 2 of the Utah Constitution and Utah Code Ann. § 59-2-1 and is therefore tax-exempt. Accordingly, we vacate the summary judgment for defendants and direct entry of summary judgment for plaintiffs.

In 1963, the Utah legislature created a consolidated trust fund for the investment and administration of the funds of several separate public retirement systems, including retirement systems for firemen, policemen, and other public employees. Utah Code Ann. § 49-9-10 (1953).[1] The merged investments of these systems are known as the Utah State Retirement Fund. The Utah State Retirement Board was named trustee of the Fund and the Utah State Retirement Office was given responsibility for the daily administration of the Fund. Utah Code Ann. §§ 49-10-8, 49-10-9 (1953). The legislature authorized the investment of up to 15 percent of the book value of the Fund's investment portfolio in real estate. Utah Code Ann. § 49-9-12(1)(m) (Supp.1979). Pursuant to section 49-9-10, this real estate has been registered and held in the name of the Utah State Retirement Fund.

The accumulated monies in the Fund consist of employer contributions by the state and "political subdivisions" within the state (including towns, cities, counties, school districts, colleges, universities, sewer districts, and libraries), as well as public employee salary contributions. Although the public employees are the beneficiaries of the Fund, they are paid pursuant to a statutory formula based on earnings and length of service under a defined benefit plan. Their retirement benefits are independent of any profits (or losses) accrued as a result of investments held by the Fund. The beneficiaries therefore do not have either an equitable or a legal ownership interest in investments or property held by the Fund.

On May 31, 1983, the Utah State Tax Commission determined that vacant land located within Utah County and held in the name of the Utah State Retirement Fund was owned by an independent state agency and was therefore exempt from taxation pursuant to article XIII, section 2 of the Utah Constitution and Utah Code Ann. § 59-2-1 (1953). On April 29, 1985, the Utah State Tax Commission reversed its decision and ruled that property owned by the Fund in Salt Lake County was subject to ad valorem property taxes. In May of 1985, defendants threatened to sell numerous parcels of vacant land held by the Fund if property taxes were not paid. Under protest, plaintiffs paid defendants the sum of $152,258.61 and then filed suit, seeking a full refund from defendants. The trial court denied plaintiffs' motion for summary judgment and granted summary judgment in favor of defendants. On appeal, plaintiffs contend that real property owned by the Utah State Retirement Fund is "property of the state" and is therefore exempt from taxation.

The standard of review for a challenge to summary judgment is well established. A grant of summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); see, e.g., CECO v. Concrete

---

1. The statutes relating to the Utah State Retirement Systems and to ad valorem property taxes were recodified by the 1987 Utah legislature. All references in this opinion are to the former statute numbers since those statutes are controlling for the tax year in question.

*Specialists, Inc.,* 772 P.2d 967, 969 (Utah 1989); *Geneva Pipe Co. v. S & H Ins. Co.,* 714 P.2d 648, 649 (Utah 1986). We give no deference to the trial court's view of the law in determining whether the trial court properly granted judgment as a matter of law to the prevailing party. We review the trial court's judgment for correctness. *See CECO v. Concrete Specialists,* 772 P.2d at 969; *Mountain Fuel Supply Co. v. Salt Lake City Corp.,* 752 P.2d 884, 887 (Utah 1988); *Atlas Corp. v. Clovis Nat'l Bank,* 737 P.2d 225, 229 (Utah 1987). There is no factual dispute in the instant case; therefore, we address the legal question of whether real estate owned by the Fund is exempt from ad valorem property taxes.

 Article XIII, section 2 of the Utah Constitution and Utah Code Ann. § 59-2-1 exempt from taxation property of the state, school districts, public libraries, counties, cities, towns, special districts, and all other political subdivisions of the state. In *Springville v. Johnson,* 10 Utah 351, 37 P. 577 (1894), this Court held that the exemption from taxes for property owned by a governmental entity is based solely upon the ownership of the property and not upon its use. Therefore, real estate owned by the state or any of its political subdivisions is exempt from ad valorem property taxes.

 The Utah State Retirement Office, which administers the Fund, is both an independent state agency and a political subdivision of the state. Utah Code Ann. §§ 49-9-2, 49-10-6(4) (1953). Although legal title to the lands in question here is vested in the Fund rather than in the Retirement Office, the Fund is a public entity closely related to the Retirement Office.

The Fund was created by the legislature to carry out the legal obligations of the state and its political subdivisions to retired public employees. Utah Code Ann. §§ 49-10-2, 49-10-8 (1953). Although employee contributions constitute a significant portion of the Fund's assets, employee benefits are paid according to a statutory formula without reference to income or losses resulting from Fund investments. Thus, income from the Fund accrues to the benefit of the state and its political subdivisions. The greater the yield from Fund investments, the smaller the amount the state and its political subdivisions must contribute to maintain the Fund's ability to provide the specified benefits. We therefore believe that the Fund, like the Retirement Office, is an extension of the state and its political subdivisions. The real estate held by the Fund should be exempt from ad valorem property taxes.[2]

This conclusion is consistent with the legislative intent indicated by Utah Code Ann. §§ 49-1-28 and 49-10-47 (1953). Section 49-1-28 states, "The retirement benefits accrued or accruing to any person under the provisions of this act, and *the moneys and securities in the fund, are hereby exempted from any state, county or municipal tax of the state of Utah ....*" (Emphasis added.) Section 49-10-47 of the Utah State Retirement Act further provides, "The benefits accrued or paid to any beneficiary of this system and *the accumulated contributions and securities in the fund created by this act are hereby exempt from any state, county or municipal tax of the state of Utah.*" (Emphasis added.) While real estate held by the Fund

---

2. Defendants argue that equitable ownership of the Fund's real estate is vested in the public employee beneficiaries, even if legal title is vested in a state entity. Defendants cite a number of cases from other jurisdictions in which real property held in trust by the state for private beneficiaries was held to be taxable because the beneficial interest in the property was vested in persons who were not themselves exempt from ad valorem property taxes. *See, e.g., State v. Underwood,* 54 Wyo. 1, 86 P.2d 707 (1939); *People ex rel. Olmsted, County Collector v. University of Illinois,* 328 Ill. 377, 159 N.E. 811 (1928); *St. Louis v. Wenneker,* 145 Mo. 230, 47 S.W. 105 (1898). Although the retired public employee

beneficiaries in the instant case are not exempt from ad valorem property taxes, these cases are distinguishable. In each of the cited cases, the private beneficiaries had either an interest in the real estate itself or a direct pro rata share in the income produced by the real estate. As previously stated, public employees in Utah have a statutorily fixed interest in the proceeds of the Fund independent of the income generated by the real estate and other Fund investments. Thus, these beneficiaries do not have even an attenuated interest in the real property. Both equitable and legal ownership of the real estate are vested entirely in the Fund.

is not specifically exempted from taxation, the language of these provisions strongly suggests that the legislature intended to exempt *all* Fund assets and holdings from taxation. Since the legislature has allowed the Fund to invest a portion of its assets in real property, that real property should be tax-exempt as are all other contributions and securities held by the Fund.

Defendants argue that an ad valorem property tax exemption for the Fund violates the equal protection requirements of the Utah Constitution because private retirement systems must pay ad valorem property taxes on their real estate. This argument is without merit. The Utah State Retirement Fund is largely composed of public money and provides for public employees of the state and political subdivisions of the state. The Fund's investment property provides income for a purpose which otherwise must be supported by taxation and thus helps to lighten the public burden. *See Burr v. Boston*, 208 Mass. 537, 95 N.E. 208 (1911). Therefore, the ad valorem property tax exemption, like the Fund's exemption from all state, county, and municipal taxes, furthers a valid public purpose and remains consistent with the uniform operation of the laws clause of the Utah Constitution.

Summary judgment in favor of defendants is vacated. Because there are no issues of material fact, we direct entry of summary judgment for plaintiffs.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.