F. Eugene Therrien, Trustee, Plaintiff-Appellant, v. Mercantile-
Commerce Bank & Trust Company, Trustee of May Scullin de
Gheest, and the Unknown Heirs of May Scullin de Gheest, De-
fendants-Respondents, No. 41290—227 S. W. (2d) 708.

Court en Banc, February 13, 1950.

Rehearing Denied, March 13, 1950.

*Jones, Hocker, Gladney & Grand* and *Vincent L. Boisaubin* for appellant.

*S. A. Mitchell, Harold I. Elbert* and *Charles M. Spence* for respondents; *Thompson, Mitchell, Thompson & Young* of counsel.

ELLISON, J.—This case comes to the writer on reassignment. The ultimate legal question involved on this appeal is whether the trial court erred in making a final order sustaining the motion of the defendant-respondent Trust Company as trustee of May Scullin de Gheest, deceased, to dismiss the plaintiff-appellant's suit in equity against it for $60,000 on the ground that his petition failed to state a cause of action upon which relief could be granted, the motion having been filed under Laws Mo. 1943, Sec. 59, p. 374, Sec. 62, p. 375; §§ 847.59, 847.62 Mo. R. S. A. The ultimate factual-legal question is whether the trust of which the respondent was trustee was revoked pro tanto by the pleaded facts hereinafter narrated.

The appellant's claim, as pleaded in his petition, was for the $60,000, based on five bank checks, three for $10,000 each and two for $15,000 each, all except one dated October 24, 1944, and that remaining one [for $10,000] being dated December 15, 1944. The checks were the Trust Company's ordinary printed counter checks, payable to the order of (no payee named), and drawn against it as a banking institution, and not as trustee or against any trust fund or account. All were signed by the said May Scullin de Gheest.

In each instance, and apparently contemporaneously with the issuance of the several checks, the payor also issued a letter of corresponding date, which was likewise addressed to the respondent Trust Company in its character as a banking institution, and not as trustee, advising it that she had "drawn on my (her) account" the sum designated, and requesting that the Trust Company "place and keep in escrow" a corresponding amount so that the checks would be duly met on presentation, even in case of her death.

All these checks and letters were attached to appellant's petition as exhibits, and thereby became a part thereof. Laws Mo. 1943, Sec. 44, p. 371; § 847.44 Mo. R. S. A. Appellant contends they had the effect of withdrawing from the trust fund of which respondent was trustee the sums specified in the checks and letters, and of pledging those amounts to the payment of the checks.

The further facts pleaded in the petition with respect to the trust [actually two trusts are involved] were as follows. The appellant is a resident of Montreal, P. Q., Canada, and the trustee of an express trust [oral, apparently] in favor of Roger Laboureix of Paris, France, under which he holds the five checks in suit as such trustee. The other aforesaid trust of which the respondent Trust Company is trustee, was in writing, and creatd by May Scullin de Gheest on November 8, 1935. Her heirs were the beneficiaries therein, but their names and addresses were unknown to appellant, and they were impleaded as unknown de-

fendants and served with process by publication. When Mrs. de Gheest died, the petition does ▮ not state. The amount of the assets held in trust by the respondent Trust Company is not pleaded, but it is alleged that it exceeded the amount of the appellant's claim.

The petition alleges appellant's trust arose as follows. On October 24, 1944, the said Roger Laboureix, appellant's trustor, gave Mrs. de Gheest a good and valuable consideration in French currency, in return for which she negotiated to him the first four checks in suit. Nearly two months later, on December 15, 1944, he gave her an additional consideration in French currency, in return for which she negotiated to him the last check in suit. In order to subject [or "revoke"] the trust of which the Trust Company is trustee to the payment of the checks she further executed the five letters marked as exhibits. Demand on the respondent trustee for the payment of the checks was not made by appellant until March, 1947, and apparently the suit was filed about a year later.

The de Gheest trust, of which the respondent Trustee is trustee, provided in part as follows:

"FIRST: The Trustee shall collect the income from said trust estate and shall pay the net income derived from the trust estate in quarterly or other convenient installments to the Donor for and during the period of her natural life. The Trustee shall also pay so much of the principal to the Donor as she may, in writing, at any time request.

* * * *

"SIXTH: The Donor reserves the right at any time by instrument, in writing, signed by the Donor, and delivered to the Trustee, to alter, amend or modify in whole, or in part, the trust herein created, provided, that the duties, powers, compensation and liability of the Trustee shall not be changed without its written consent, or to revoke the said trust in its entirety with full power to direct the Trustee as to the distribution of the trust fund."

Appellant's petition further alleges that for a long time prior to December 15, 1944 [which was the date of the last check and letter, supra] the respondent Trust Company "had retained in the trust account of May Scullin de Gheest the proceeds of the principal of the trust and had not paid over to May Scullin de Gheest the income derived therefrom." This was an admission that all the funds of the trust were carried in a trust account, and that none of them were carried in an open checking account subject to checks drawn on the Trust Company as a banking institution, and not as trustee.

The "full transcript of the record" brought up by appellant contains only the appellant's petition, heretofore summarized; the respondent Trust Company's motion to dismiss on the ground that the

petition failed to state a claim upon which relief could be granted; the trial court's order sustaining respondent's motion, and allowing appellant ten days within which to file an amended petition; and the trial court's final order dismissing appellant's suit, which recited that the appellant refused to plead further and elected to stand on his original petition. This is followed by an entry showing the filing of the appellant's notice of appeal to this court.

On the ultimate question in the case, as to whether the trial chancellor erred in dismissing the appellant's suit on the ground that his petition failed to state a claim upon which relief could be granted, the facts should be kept in mind: that the suit was brought in equity, recognizing the situation was such that the ordinary principles of statutory or common law would be inadequate; that appellant was granted leave to amend his petition but refused to do so; and that the case had its origin in obscure facts arising in a remote environment, which made especially applicable the rule that "The safety of the trust fund is the first care of the law, and on this depends every rule which has been made for the conduct of trustees." 65 C. J., p. 651, § 519. In other words the respondent trustee and the trial chancellor were justified in holding the appellant to adequate pleading and proof of the essential facts.

As stated in the beginning, the ultimate factual-legal question was whether the trustor, May Scullin de Gheest intended by the five checks and accompanying letters to revoke the trust to the extent of the $60,000, as she had a right to do under the 6th clause of the trust agreement. If such was not her intention she must have thought the *earnings* of the trust fund were on deposit to her personal account in the respondent Trust Company as a banking institution, and were subject to her personal checks, leaving the corpus of the trust fund unaffected. The appellant's petition is silent on that question. The amounts of the corpus and earnings are not separately pleaded, nor is the total amount of both stated except to say that it exceeded appellant's $60,000 claim.

And the five checks were the respondent Trust Company's ordinary counter checks such as would be drawn on a personal account, and the payee's name was left blank. They were drawn on the respondent as a banking institution and not as a trustee. And the five letters also were addressed to the respondent as a bank and not as a trustee. In them she stated she was drawing the amount specified from "my account" [not a trust account]. She further requested that these amounts be kept "in escrow", much as might be done on the issuance of a certified check out of a personal bank account.

In our opinion the pleaded facts fall short of making a substantial showing that the checks were issued by Mrs. de Gheest for the purpose of *revoking* her trust pro tanto, and that she did *not* intend to make

them a charge only against the *earnings* of that fund, which she regarded as due her on personal account. That is borne out by the fact that the first clause of the trust agreement provided the net earnings of the fund should be paid to her quarterly or in convenient installments, and the appellant's petition alleges the respondent had failed to do that for a long time prior to December 15, 1944 [which was the date of the fifth check] thus causing the earnings to accumulate with the corpus. At any rate, her real intention cannot be ascertained from the pleaded facts.

As to the law on this question of the sufficiency of a petition to state a claim upon which relief can be granted, it is well settled that a demurrer, as well as the present Code motion to dismiss on that ground, does not admit the mere conclusions of the pleader. Bernhardt v. Long, 357 Mo. 427, 433 (3), 209 SW. (2d) 112, 116 (8). Opposing that view appellant's counsel cite Rogers v. Poteet, 355 Mo. 986, 997-8 (2), 199 SW. (2d) 378, 385(1, 2) where it was said that under the Civil Code, Laws Mo. 1943, p. 395, § 140 (a), Mo. R. S. A. § 847.140 (a), "The pleading should be construed on appeal with reasonable liberality to prevent entrapment unless it wholly fails to state a cause of action." But in that case the petition was challenged for the first time on appeal—hence the entrapment. Here the petition was challenged below; the trial court sustained that challenge; and the appellant *refused* to plead further. Obviously there was no entrapment.

Appellant also invokes Greenlake Inv. Co. v. Swarthout (Mo. App.) 161 SW. (2d) 697, 698 (1, 2), which held: "In ruling upon a general demurrer, all such (properly pleaded) facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true." But in the next full sentence the decision goes on to say: "Of course, neither conclusions of law nor the conclusions of the pleader on the facts are admitted by a general demurrer * * ." We shall not attempt to go into the distinctions between "conclusions of fact", inferences of fact" and "evidentiary inferences". It is enough to say that the pleading must afford a reasonably sufficient fact foundation for the further facts to be inferred. And we think the appellant's petition here does not do that.

As to pleading a cause of action, our Code of Civil Procedure, Laws Mo. 1943, pp. 369, 373, Secs. 847.35-36-55-57, Mo. R. S. A. provides as follows. Sec. 35 requires that "Each averment of a pleading shall be simple, concise, and direct. * * " Sec. 36 provides that "A pleading which sets forth a claim for relief, * * shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, * *." Sec. 55 requires that "whenever a claim * * is founded upon a written instrument, the same may be pleaded according to legal ▪ effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit." Sec. 57 pro-

vides," "All pleadings shall be so construed as to do substantial justice."

In our opinion these provisions of the Code, liberal as they appear to be, did not relieve appellant from pleading facts showing unequivocally that he was proceeding against the respondent Trust Company in its character as trustee of May Scullin de Gheest, and was seeking a revocation of the whole trust, at least pro tanto, so far as necessary to satisfy his claim for $60,000. The caption of his petition did designate the Trust Company as trustee, and the body of the pleading alleged it was trustee. But the checks and letters issued by Mrs. de Gheest were not addressed to it as such, but only in its corporate character as a Trust Company. The letters merely said she was drawing on her "account". The words "trust" or "trustee" were not used. And appellant's petition nowhere alleges any demand ever was made on respondent as trustee for the payment of the $60,000, but only as a bank. But in spite of all this appellant refused to amend his petition.

Notwithstanding the foregoing provisions of our Civil Code, it has been held in our most recent decisions that there is no practical difference between a "failure to state a claim upon which relief can be granted," when objected to by motion under Sec. 62 of our new Civil Code, and under the former demurrer statutes, Secs. 922-924, R. S. 1939, Mo. R. S. A. See De Vault v. Truman, 354 Mo. 1193, 1198 (3), 194 SW. (2d) 29, 31 (2) ; Gerber v. Schutte Inv. Co., 354 Mo. 1246, 1251 (2, 3), 194 SW. (2d) 25, 27-8 (1-3) ; Langenberg v. St. Louis, 355 Mo. 634, 640 (1), 197 SW. (2d) 621, 624 (1).

In our opinion the trial chancellor decided the case with a view to doing "substantial justice" between the parties within the meaning of Sec. 57 of our Code of Civil Procedure. The questions of pleading involved were whether the appellant's petition in equity was certain and specific, and whether it was multifarious—that is, whether it united in the same bill distinct and disconnected subject matters or causes. 19 Am. Jur., p. 184, § 232, p. 190, § 246; 30 C. J. S., p. 672, § 217, p. 683, § 233; 21 C. J., p. 392, § 405, p. 413, § 430; Essen v. Adams, 342 Mo. 1196, 1205 (2), 119 SW. (2d) 773, 777 (5).

Appellant had pleaded in his petition that in order "to *revoke* the trust to the extent of the instruments described herein and attached hereto," May Scullin de Gheest had executed the five letters attached as exhibits. This allegation might cover the trust corpus and also earned income thereon due her personally and still in the hands of the trustee, or it might not because she thought the latter was already hers. The petition was silent as to the amount of the corpus and income, severally, and stated only that the Trust Company [it did not say *as* trustee] had in its possession "assets" of the trust in excess of the $60,000 sued for. The words "trust" and "trustee" did not appear either in the checks or the letters. And the five letters merely stated

she had drawn on her "account", which might have meant *bank* account, 1 Words & Phrases (Perm. Ed.) p. 528, especially in view of the fact that the letters were addressed to the Trust Company as such, and not as trustee. The checks (with the letters) were not presented for payment until well over two years after their execution, and after May Scullin de Gheest's death.

The general rule has been that where a pleading is ambiguous, and doubt or confusion appears, it must on demurrer be taken most strongly in its interpretation against the pleader, Koewing v. Greene County Building & Loan Assn., 327 Mo. 680, 689 (7, 8), 38 SW. (2d) 40, 44 (8-10); Langenberg v. City of St. Louis, supra, 355 Mo. 1. c. 640 (1), 197 SW. (2d) 1. c. 624 (1-3). On the other hand, where the petition is not attacked until after verdict or judgment, heretofore the intendments have been taken most strongly in favor of the pleader. The general rule stated in Sec. 57, Civil Code, Laws Mo. 1943, p. 373, Mo. R. S. A. Sec. 847.57 is that "All pleadings shall be so construed as to do substantial justice."

In this case the respondent Trust Company attacked the appellant's petition before trial by a motion to dismiss under Sec. 62 of the Civil Code on the ground that the ▮▮▮ petition failed to state a claim upon which relief could be granted. The terms of the pleaded trust were that the net *income* therefrom was to be hers and should be paid *her*, but the petition pleads the respondent had not done so, and the *bank* had retained them in the trust. The plaintiff's claim originated remotely in France, but the facts as to what the bank, as such and as trustee, had done were readily accessible in St. Louis. It had a right to know in what capacity it was being sued and from what account it should pay the checks. The five checks were all drawn on the *bank*, as such, and the five letters were addressed to the manager of the *bank*, and all spoke of drawing on the drawer's *account*. The *trust* was not mentioned in any of them. The trial court sustained the respondent's motion to dismiss, but gave the appellant ten days in which to file an amended petition. Eight days later the appellant, after having had full opportunity to clarify his petition, by writing in open court announced he refused to plead further, whereupon the appellant's petition was dismissed. In these circumstances we do not feel justified in overruling the judgment and order, and the same are affirmed. *Dalton, Clark*, JJ., and *Hyde*, C. J., concur; *Leedy, Tipton* and *Conkling*, JJ., dissent.