Leland H. **STEBBINS**, Plaintiff-Appellant,

v.

**MART DRUG COMPANY**, a Corporation, Defendant-Respondent.

No. 23235.

Kansas City Court of Appeals.

Missouri.

March 6, 1961.

Robert C. Barry, David W. Barry, Kansas City, for appellant.

J. P. Morgan, Chillicothe, for respondent.

BROADDUS, Judge.

On July 15, 1958, the plaintiff filed a petition in the Circuit Court of Livingston

County. Defendant was duly served with summons. Said petition alleged that defendant was a corporation engaged in the retail drug business, maintaining places of business in Brookfield and Chillicothe, Missouri; that plaintiff was an employee of defendant from August 1, 1957 until January 10, 1958, and during said period worked for the defendant at its places of business above referred to.

Said petition further alleged that on January 10, 1958, plaintiff was discharged by defendant, and that on February 21, 1958, plaintiff made a written request of defendant to furnish him with a service letter stating the nature and character of the services rendered by plaintiff, the duration thereof, and truly stating the cause for which plaintiff was discharged, to which letter plaintiff was lawfully entitled, under the terms of Section 290.140 Revised Statutes of Missouri, 1949, V.A.M.S.; that in response to plaintiff's request of February 21, 1958, defendant furnished plaintiff with a letter on or about February 25, 1958, a copy of which is attached and made a part hereof as though fully set out herein. Said letter reads as follows:

"Chillicothe, Missouri
February 25, 1958

"Mr. Leland H. Stebbins
109 West 39th Street
Kansas City 11, Missouri

"Dear Mr. Stebbins:

"In reply to your letter of the 21st, our records indicate you were in our employ from August 1, 1957, to January 15, 1958.

"During this short period of employment, the type of work you did was general retail clerking and you were not assigned to a definite department or a definite position, as we did not feel your previous work experience justified you for a more important assignment.

"I notice you inquire why you were discharged from our employment; no doubt you realize your salary basis did not justify a continuation of our original working arrangement.

"I'm sure the above will prove self-explanatory.

"Yours very truly
Mart Drug Company
(Signed) J. S. Lambert
J. S. (Jim) Lambert, President"

"JSL:em

---

Said petition then alleged that said letter is not a proper and sufficient service letter in that: "(a) It does not state the nature and character of the services rendered to the defendant: (b) It does not truly state the cause, if any, for which plaintiff was discharged."

The petition further alleged that defendant's refusal to furnish plaintiff with a proper service letter was arbitrary and wrongful and entitled plaintiff to recover both actual and punitive damages.

On July 31, 1958, defendant filed a motion to dismiss plaintiff's petition. Said motion was grounded on the proposition that plaintiff's petition failed to state a cause of action in favor of the plaintiff and against the defendant upon which re-

**304**

lief can be granted. On April 18, 1960, the trial court sustained defendant's motion to dismiss and dismissed plaintiff's cause of action rendering judgment against plaintiff for costs. Plaintiff appealed.

As stated above plaintiff's petition alleged that defendant's letter of February 25, 1958, was not a sufficient letter in that: (a) It does not state the nature and character of services rendered by plaintiff to defendant, and (b) It does not truly state the cause, if any, for which plaintiff was discharged.

As to subdivision "a" it is apparent that the letter does state the nature and character of the services rendered by plaintiff. Thus the decision in this case turns upon the construction to be placed upon subdivision "b". Defendant took the position, in which it was upheld by the trial court, that the allegation is a mere conclusion, and that the facts showing what plaintiff claims to have been the true reason for which he was discharged should have been alleged. Defendant argues in its brief that: "Unless this is the law, an employer could not prepare a defense to such an action in that he would have no idea as to what the employee might say was the true reason."

A "conclusion" is defined by Webster's New International Dictionary, 2nd Ed., to be "a reasoned judgment or expression of one." That allegation "b" is merely the "expression" of the pleader's "judgment" is clear.

It is a fundamental rule that the petition must state the facts upon which the pleader expects to recover. It is not sufficient to plead conclusions of the pleader unsupported by allegations of issuable facts. National Hollow Brake Beam Co., v. Bakewell, 224 Mo. 203, 123 S.W. 561. While a motion to dismiss admits as true statements of facts, it does not admit as true statements which are merely conclusions or expressions of opinion. Nor-

mandy Consolidated Dist. of St. Louis County v. Harral, 315 Mo. 602, 286 S.W. 86; Harelson v. Tyler, 281 Mo. 383, 219 S.W. 908.

The judgment is affirmed. All concur.