Clinton O. TOLLIVER et al., Appellants,

v.

STANDARD OIL COMPANY et al., Respondents.

No. 52587.

Supreme Court of Missouri, Division No. 1.

July 8, 1968.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 9, 1968.

John B. Ewing, Jr., John M. Gibson, Kansas City, for appellants, Ewing, Yonke, Shackleford & Gibson, Kansas City, of counsel.

James E. Burke, F. Russell Millin, Kansas City, for respondents, Burke, Jackson & Millin, Kansas City, of counsel.

STORCKMAN, Judge.

This is a suit for damages in two counts. The eleven plaintiffs originally filed separate suits of identical nature which were consolidated by court order. Since the consolidation is not under attack, the cases will sometimes be referred to as one action. Count 1 of the petition purports to state a cause of action against Standard Oil Company only, for its alleged failure to furnish a service letter in compliance with § 290.140, RSMo 1959, V.A. M.S. The damages sought on this count in each case are $5,000 actual and $5,000 punitive. Count 1 was dismissed by the trial court for failure to state a claim. Count 2 of the petition undertakes to charge Standard and its plant managers with conspiracy to injure the plaintiffs, to cause them to be discharged from their employment and to prevent them from obtaining suitable employment elsewhere. The damages sought on Count 2 are $50,000 actual and $100,000 punitive. On defendants' motion, judgment was rendered for them on Count 2 based on the pleadings, admissions of the parties, and affidavits and exhibits on file. From these sources we state the salient facts giving rise to this litigation.

On July 8, 1959, employees of Standard at its Sugar Creek Refinery in Jackson County, represented by the Oil, Chemical and Atomic Workers International Union, went on strike and established picket lines at the plant entrances. The plaintiffs were among the strikers. On August 11, 1959, the Circuit Court of Jackson County issued a temporary injunction against fourteen named individual defendants, including the plaintiffs, and others acting in concert with them, enjoining them from committing or attempting to commit certain acts of violence and interference with employees and others undertaking to enter the Sugar Creek Plant or doing business with the Company. Thereafter, an information was filed charging these plaintiffs, among others, with criminal contempt for violation of the injunction and an order to show cause was issued September 16, 1959. The parties were served and a hearing was had at which these plaintiffs appeared in person and were represented by counsel. On the evidence adduced, the court made detailed findings that the parties had committed forbidden acts ranging from threats and intimidation to acts of extreme violence such as damaging and overturning automobiles and the assaulting and beating of other employees attempting to report for work. By its order entered October 23, 1959, the Circuit Court of Jackson County found these plaintiffs guilty of criminal contempt and assessed their punishment at imprisonment in the county jail for terms ranging from thirty days to six months. No appeal was taken; however, the convicted employees sought release from custody by petitions for writs of habeas corpus filed in the Supreme Court of Missouri and in the District Court of the United States for the Western District of Missouri. These attempts were unsuccessful and the terms of imprisonment were served as ordered.

On November 11, 1959, letters signed by the defendant Livesay on behalf of Stand-

ard were sent to the plaintiffs informing them that their services with the Company were terminated effective that date. The letters were all similar and stated: "This action is being taken as a consequence of your improper conduct during the strike." These discharge letters were prepared and mailed after the plant manager, R. C. Livesay, had reviewed the judgment of the Circuit Court of Jackson County rendered October 23, 1959, which found these plaintiffs guilty of criminal contempt and ordered them committed.

Thereafter, the plaintiffs filed claims for unemployment benefits with the Division of Employment Security of the State of Missouri. At the hearing of these claims the employer, Standard Oil Company, introduced into evidence the Judgment and Order of Commitment rendered by the Circuit Court of Jackson County on October 23, 1959. Mr. Livesay, the plant manager, testified that each of the claimants was discharged because of improper conduct during the strike after he had reviewed the findings and judgment of the court in the action for criminal contempt. On January 22, 1960, a deputy of the Division of Employment Security found that the claimants had been discharged by Standard for misconduct connected with their work.

The claimants appealed and a hearing was had at which claimants appeared and were represented by counsel. The referee found as did the deputy that each of the claimants had committed acts of misconduct connected with his work for which he had been discharged. The decision of the appeals tribunal rendered September 2, 1960, referred to § 288.050, RSMo 1959, V.A.M.S., which provides that a claimant may be denied certain benefits if it is found that he has been suspended or discharged for misconduct connected with his work. In this regard, the decision of the appeals tribunal further states: "It is not misconduct connected with work for a worker to strike against his employer in a lawful way, but it is misconduct connected with work for a worker to commit unlaw-

ful acts in connection with a strike. Where a court has properly issued a temporary injunction to restrain striking workers from committing certain acts a final conviction by the court of the violation of the injunction by a worker is evidence of a law violation by the worker. Such a law violation under such circumstances constitutes an act of misconduct connected with work because a striking worker is under an obligation to his employer to refrain from law violation in connection with the strike. Thus, under the circumstances the Referee finds that each of the claimants committed an act of misconduct connected with his work for which he was discharged." The claimants did not seek a further review of the findings of the Division of Employment Security and the decision became final.

The plaintiffs filed their petitions in the instant cases on October 19, 1960. Count 1 of plaintiffs' petition was dismissed on defendants' motion on July 6, 1961. On the same day the defendants' motion for a more definite statement was sustained. On September 4, 1962, the plaintiffs filed an amended petition as to Count 2 to which the defendants filed their answer. The defendants filed a motion for summary judgment on September 26, 1966; a judgment for the defendants was entered on October 11, 1966. This appeal is from the dismissal and judgment for the defendants on both counts.

The first count of plaintiffs' petition, directed against Standard alone, purports to seek damages for failure to furnish a statutory service letter stating the "true reason" for their discharges. This count of the petition alleged that a service letter was requested and one was furnished, but "that the letter issued to plaintiff by defendant as aforesaid fails to comply with the requirements of Section 290.140, RSMo 1949, in the following respect, to-wit: Said letter failed to state the true reason for which plaintiff was discharged from the service and employment of defendant."

The defendants filed a combination motion to dismiss both Counts 1 and 2 or,

in the alternative, for a more definite statement. Attached to the motion was a copy of the letter of November 11, 1959, terminating the employment, a copy of the Decision of the Appeals Tribunal of the Division of Employment Security, a copy of the service letter furnished, a copy of the Judgment and Order of Commitment for Criminal Contempt rendered by the Circuit Court of Jackson County. The termination letter states the discharge was on account of the employee's "improper conduct during the strike." The service letter dated September 16, 1960, states that the employee's "services were terminated on November 11, 1959 for misconduct during our recent strike." The decision of the Appeals Tribunal ruled, inter alia, that the employee "committed an act of misconduct connected with his work for which he was discharged." The trial court sustained the motion to dismiss Count 1, overruled the motion to dismiss Count 2, and sustained the motion for a more definite statement as to Count 2. The plaintiffs amended Count 2 on September 4, 1962, but no offer was made to amend Count 1 or request for leave to do so although the case was pending in that condition for more than five years before final judgment was rendered on both counts.

The motion to dismiss as related to Count 1 asserted a failure to state a claim on which any relief could be granted. It pointed out that the plaintiffs did not attach a copy of the service letter and did not set out the relevant contents or true reason in the petition. The motion further alleged that the truth of the reasons given for the discharge had been finally and conclusively determined by the decision of the Appeals Tribunal of the Division of Employment Security and the judgment of the Circuit Court in the contempt proceedings. In support of their contention that the trial court erred in dismissing Count 1, the plaintiffs cite five cases, all of which involve evidentiary questions such as the sufficiency of the evidence to make a submissible case. None of them have anything to do with the sufficiency of the pleadings; hence, they are of no assistance in solving the present problem.

Supreme Court Rule 55.06, V.A. M.R., provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the facts showing that the pleader is entitled to relief". It will be noted that the rule calls for a statement of *facts*. This has been the standard for pleadings in civil cases long before these suits were filed. See § 509.050. Where a petition is attacked by a motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708, 711 [3]; Jewell Realty Co. v. Dierks, 322 Mo. 1064, 18 S.W.2d 1043, 1045 [1]. Although Count 1 does not plead the contents of the service letter or the reason stated in the letter for the discharge, it, nevertheless, alleges that the "letter failed to state the true reason." This is merely a conclusion and not a statement of facts showing that the pleader is entitled to relief. Stebbins v. Mart Drug Company, Mo.App., 344 S.W.2d 302, 303 [1]; Bernhardt v. Long, 357 Mo. 427, 209 S.W.2d 112, 116 [4]. Mere conclusions of the pleader not supported by factual allegations cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted. Miller v. Ste. Genevieve County, Mo., 358 S.W.2d 28, 30 [7]; Reis v. Travelers Indemnity Company, Mo. App., 366 S.W.2d 11, 14 [3]; Stebbins v. Mart Drug Company, Mo.App., 344 S.W.2d 302, 304 [4]. Furthermore, the conclusionary statement deals with a different subject matter than that necessary to present issuable facts. In addition to stating and denying the reasons assigned by Standard, good pleading required that the plaintiffs allege facts regarding what they deemed to be the real reason for their discharge. The petition is entirely silent on this latter vital subject.

Stebbins v. Mart Drug Company cited above involves an identical conclusionary allegation in a service letter case. The petition was dismissed on defendant's motion for failure to state a claim and the judgment was affirmed on appeal. In their reply brief the plaintiffs concede that the Stebbins case is "in point" but urge us not to follow it because it was decided after the present petitions were filed. Stebbins was decided in 1961; this case was pending for several years thereafter and the plaintiffs made no offer to amend. Furthermore, Stebbins is entirely consistent with principles of good pleading long established and approved by this court. The plaintiffs further say that the question of failure to state a cause of action was not raised in the trial court. As to this they are very much mistaken. The transcript shows a ground of defendants' motion to dismiss was a failure to state a claim on which relief could be granted. Further particulars were noted such as a failure to exhibit the service letter or state its contents. If there was any inclination on the part of plaintiffs to plead over as to Count 1, there was plenty of opportunity to do so. A similar situation existed in Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708, and this court en banc held at page 711 [5] that where a petition was challenged in the trial court for failure to state a claim on which relief could be granted and was dismissed, and the petitioner refused to plead further, he could not complain on appeal of entrapment.

■ The trial court did not err in dismissing Count 1 of plaintiffs' petition on the ground it failed to state a claim. The plaintiffs have failed to show any justification for remanding the cause to enable the plaintiffs to plead further. In view of these conclusions, we need not consider the respondents' further contention that the plaintiffs are foreclosed from maintaining the action by reason of the judgment of the Circuit Court in the contempt case and the decision of the Division of Employment Security on plaintiffs' claims for benefits although the additional contention appears to have substance.

Count 2 as amended alleges that the defendant Livesay on November 11, 1959, and prior thereto, was the manager of the Sugar Creek Refinery and the defendant, I. C. Staeuble, is the present manager; that the plaintiffs were employees of Standard and members of the Union on July 8, 1959; that the Union of which the plaintiffs were members was engaged in conducting a lawful strike against Standard; that the plaintiffs were persons of influence among the Union members and were leaders in Union activities; that the defendants "entered into a conspiracy with each other, their employees, agents and servants including but not limited to" thirteen persons, named but not joined as defendants, "and others for the express purpose of maliciously and without just cause or provocation injuring the plaintiffs and causing plaintiffs to be discharged from their employment and preventing them from obtaining suitable employment elsewhere." The carrying out of the conspiracy is described in these words: "That as a part and in furtherance of said conspiracy and the willful disregard of plaintiffs' rights, the defendants manufactured and created incidents which gave rise and provoked hostility and violence and then enticed and induced with malicious motives those directly under their control and supervision who they had ordered and incited to create the aforementioned situations and incidents to purger [sic] themselves and create a malicious and false record with respect to these plaintiffs."

The defendants' answer to Count 2 after making certain admissions and denials alleged that the petition failed to state a claim on which any relief could be granted. This was followed by a detailed pleading of the occurrence of the strike, the issuance of the injunction by the Circuit Court, the violation thereof by the plaintiffs, the trial of the plaintiffs for contempt, the finding and judgment of the

court and the decision of the Appeals Tribunal of the Division of Employment Security denying benefits because of plaintiffs' misconduct in connection with their work and asserted these proceedings were res judicata of plaintiffs' claims and operated as an estoppel against them. Affidavits were filed and admissions and denials were made by plaintiffs in response to a request by the defendants.

A motion for summary judgment was filed by defendants on September 26, 1966, and on October 11, 1966, the Circuit Court entered its judgment in favor of defendants finding there was no genuine issue as to any material fact necessary to a final determination; that Count 2 of the amended petition failed to state a claim on which relief could be granted; and that the issues sought to be raised were barred by the doctrine of res judicata or estoppel by judgment.

We have concluded that the amended Count 2 fails to state a claim for relief and it will not be necessary to discuss the additional grounds assigned by the trial court in support of the judgment. The order sustaining the motion to dismiss is a final judgment and it is immaterial whether the motion for summary judgment should have been sustained. Hall v. Smith, Mo., 355 S.W.2d 52, 56–57 [11].

In this count, as in Count 1, the plaintiffs appear to have studiously avoided pleading issuable facts. The essence of Count 2 is that the defendants and others entered into a conspiracy for the purpose of causing the plaintiffs to be discharged and to prevent them from obtaining suitable employment elsewhere and that they "manufactured and created incidents" which provoked violence and that they ordered and incited others to create "situations and incidents to purger [sic] themselves and create a malicious and false record with respect to these plaintiffs." These are mere conclusions of the pleader not supported by factual allegations and must be disregarded in determining whether the pleading states a claim.

The plaintiffs do not allege that they had a contract for a definite term of employment or with specific grounds for discharge. In fact the contrary appears from the record made. In the absence of such a contract, an employer may discharge an employee at any time without cause and in such case no action can be maintained for wrongful discharge. Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, 124 [1]; Williams v. Kansas City Public Service Company, Mo., 294 S.W.2d 36, 38–39 [2–4].

Despite suggestions in the pleading to the contrary, the plaintiffs assert in their brief that "this is not any action for wrongful discharge but for the blacklisting" of the plaintiffs in violation of § 559.390. The statute is quite detailed but in essence it provides that every person who blacklists another "by writng, printing, publishing, or causing the same to be done, the name or any mark or designation representing the name of any person in any paper, pamphlet, circular or book, together with any false statement concerning said persons so named, or shall publish that any one is a member of any secret organization, for the purpose of preventing such other person from securing employment" shall be guilty of a misdemeanor. So far as we have been able to discover, there is no reported case in this state in which this statute has been the basis for a civil action for damages. Plaintiffs cite us to 31 Am.Jur., Labor § 153, p. 504, wherein it is stated that employees may maintain actions to recover damages resulting from malicious or otherwise unlawful blacklisting, and that violation of a statute against blacklisting is a sufficient basis for a civil suit. We need not decide that question, however, because Count 2 fails to state a claim on any theory presented.

Plaintiffs also cite Royster v. Baker, Mo., 365 S.W.2d 496, which holds that a civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which otherwise would

be lawful; that the gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy or concerted design resulting in damage to the plaintiff. The plaintiffs do not demonstrate how their pleadings bring them within these general principles. The Royster case further holds that the conspiracy itself it not actionable, but there must be wrongful acts in conformity therewith to the plaintiff's damage; also that grounds of a civil conspiracy must be set out with the same certainty and particularity as an ordinary civil action, against a single defendant only, growing out of tortious conduct of the same general character. The opinion recognizes the rule that conclusions of the pleader are not to be considered in determining whether a petition states a cause of action and holds the petition in that case was insufficient. Royster v. Baker is authority against rather than in favor of the plaintiffs.

 Count 2 fails to state a claim against the defendants, individually or collectively, on the theory of conspiracy or otherwise. All the pleading alleges in substance is that the defendants created or caused to be created a "malicious and false record" regarding the plaintiffs. It leaves to speculation what the record was or in what respect it was false. Furthermore, the count does not plead any facts to show that the record, whatever it was, was communicated "to a prospective employer, or that it did in fact reach one to whom the plaintiff applied for employment." 31 Am.Jur., Labor § 160, p. 507. This is an essential element for an action for blacklisting. The count is wholly without any factual allegation that they were prevented from securing employment because of the "false record". The trial court did not err in dismissing Count 2 on the ground it failed to state a claim on which relief could be granted. Royster v. Baker, Mo., 365 S.W.2d 496, 500 [8]; Shaltupsky v. Brown Shoe Co., 350 Mo. 831, 168 S.W.2d 1083, 1086 [5]. See also Dick v. Northern Pacific Ry. Co., 86 Wash.

211, 150 P. 8, 10 [1]; Wabash Railroad Co. v. Young, 162 Ind. 102, 69 N.E. 1003, 1005 [2], 4 L.R.A.,N.S., 1091, and Hundley v. Louisville & Nashville R. Co., 105 Ky. 162, 48 S.W. 429, 431 [3].

Here again the plaintiffs request that if we find the trial court ruled correctly we remand the cause to allow further amendment of Count 2. No such request was made in the trial court. The law and its construction is the same as it was when the suit was filed October 19, 1960. The more definite statement of Count 2 was ordered on July 6, 1961, the amended petition was not filed until September 4, 1962, and the case was not brought to final judgment until October 11, 1966. The record does not warrant granting the request for a remand.

The judgment is affirmed.

SEILER, J., and HOLMAN, Alt. J., concur.

HENLEY, P. J., not sitting.