287 N.E.2d 902 (1972)
Dorothy FRAMPTON, Plaintiff-Appellant,
v.
CENTRAL INDIANA GAS COMPANY, INC., Defendant-Appellee.
No. 1-572A5.
Court of Appeals of Indiana, First District.
October 18, 1972.
Rehearing Denied November 28, 1972.
George K. Hughel, Anderson, for plaintiff-appellant.
David L. Kiley, Albert C. Harker, Marion (Kiley, Osborn, Kiley & Harker, Marion, of counsel), for defendant-appellee.
ROBERTSON, Presiding Judge.
This appeal arises from the dismissal of plaintiff-appellant's (Frampton) complaint for damages against the defendant-appellee (Central). The record indicates the trial judge ruled that Frampton failed to state a claim upon which relief could be granted under Trial Rule 12(B)(6), IC 1971, 34-5-1-1.
Synoptically, the allegations in the complaint reveal Frampton, an employee at will of Central, injured her arm while working. Central and their insurer paid her hospital and medical expenses, as well as her full salary, during the four months she was unable to work. However, they did not inform her of further benefits that might have been available. When she did return to the job she performed capably. Approximately 19 months after the injury, Central and its insurer were notified of a 30 per cent loss in the use of her arm. Although hesitant to file a claim for fear of losing her job she did *903 so, and received a settlement in full for her injury. About one month later she was discharged from her employment without reason being given.
Frampton's suit asked for $45,000 in actual damages, and:
"... punitive or exemplary damages in the amount of $135,000.00 which is triple the amount of her actual damages because of the Defendant's intentional acts in defiance of the legislative intent of the Workmen's Compensation Laws which if allowed to persist would effectively thwart the public policy of the State of Indiana."
There is but one allegation of error in the overruled Motion to Correct Errors. It is:
"The court's decision is contrary to law in that the discharge of an employer of an employee solely because the employee asserts her statutory right to file a workmen's compensation claim is wrongful and contrary to the public policy of the State of Indiana, and, hence, is tortious."
Frampton argues four propositions as a basis for reversal. They consist of a violation of a statute; judicial implementation of legislative policy; interference with the relation of an individual to government, and a prima facie tort theory. We are not directed to any quantum of authority sufficient to convince us that any of these theories, under the facts of this case, are consistent with the law of Indiana.
"... Where the language of a statute is clear and plain, there is no room for construction, and courts have no power to supply supposed defects or omissions, or to resort to construction for the purpose of limiting or extending its operation." (Citing authorities). Taelman v. Bd. of Fin. of School City of South Bend (1937), 212 Ind. 26, at 33, 6 N.E.2d 557, at 561.
Frampton directs us to recent decisions of our Supreme Court abolishing interspousal immunity (Brooks v. Robinson [1972], Ind., 284 N.E.2d 794), and governmental immunity (Campbell v. State [1972], Ind., 284 N.E.2d 733), as analogous authority to judicially implement legislative authority. We are of the opinion that such is not the case. Both doctrines are founded in the common law, and not our statutes, hence, the court may exercise its considered responsibility of change without legislative suggestion.
The third theory, that of interference of an individual to his government, in fact consists of an argument that Central acted contrary to public policy in terminating Frampton's employment.
"What the public policy of a state is must be determined from a consideration of its Constitution, its statutes, the practice of its officers in the course of administration, and the decisions of its court of last resort." Hogston v. Bell (1916), 185 Ind. 536, 545, 112 N.E. 883, 886.
Argument by Frampton does not persuade us that the alleged wrong to her falls into a contravention of public policy as defined in Hogston, supra.
In addressing ourselves to the existence of tort liability in the instant case, the following confutes Frampton's contention:
"It is the universally recognized rule that in the absence of a contract or statutory provisions an employer may discharge an employee without cause or reason or for any cause or reason. (Citing authority). So also it has been held by the overwhelming weight of authority that the discharge of an employee in violation of his contract irrespective of the motive therefor constitutes only a breach of contract and not *904 a tort and that the recoverable damages are limited to those flowing from the contractual breach and that no punitive damages are recoverable no matter what the motive that prompted the discharge. (Citing authorities). Odell v. Humble Oil & Refining Co. (10th Cir.1953), 201 F.2d 123, at 128.
See also: Shiels v. Baltimore and Ohio Railroad Co. (S.D.Ind. 1957), 154 F. Supp. 917; Pearson v. Youngstown Sheet & Tube Co. (7th Cir.1964), 332 F.2d 439; Tolliver v. Standard Oil Co. (Mo. 1968), 431 S.W.2d 159.
This cause is affirmed.
LOWDERMILK and LYBROOK, JJ., concur.