**Dorothy TERRANOVA,
Plaintiff-Appellant,**

v.

**WESTERN AUTO, a corporation,
Defendant-Respondent.**

No. KCD 30424.

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Timothy H. Bosler, Liberty, for plaintiff-appellant.

James W. Benjamin, John R. Loss, Field, Gentry, Benjamin & Robertson, Kansas City, for defendant-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Dorothy Terranova brought this action against Western Auto under § 290.140, RSMo 1969, alleging the service letter furnished her did not state the true cause for her discharge. At the conclusion of Dorothy's evidence presented to a jury, the court sustained Western Auto's motion for a directed verdict.

On this appeal Dorothy contends her evidence made a submissible case. Affirmed.

Dorothy was employed permanently in 1969 as an office clerk. Part of her duties required her to make payout slips by which customers were given refunds. In 1975 Dorothy's supervisor and a company official talked with Dorothy about a discrepancy in the amount shown as refunded on the payout slips and the amount the customer said he received. The company had sent letters to the customers to verify the amount received by the customer and in at least two instances the customers stated they had not received the amount entered. Dorothy was allowed to continue working after the conference about this problem, but about two months later she was informed by her immediate superior that she was being fired.

Dorothy requested a service letter under § 290.140 and Western Auto responded. The only portion of that letter in question here stated:

> Her discharge was caused by apparent irregularities in cash payout slips prepared by her showing receipt by customers of certain sums of money in cash and the customers' denials of the receipt of the full amount shown.

Dorothy testified that she handled the payout slips but her only instruction as to procedure was given by the previous employee holding her position. She admitted a number of slips showed an amount as being refunded with this amount altered and a new amount inserted. She stated she did not have any explanation for this because she did not know the customers by name and could not remember each transaction. She did offer some explanation that customers obtained a refund and later came back for a refund on another returned item and she simply changed the slip instead of making a new one.

Dorothy denied on direct examination that she had improperly taken any money from Western Auto. On cross-examination she stated she did not know of any other reason for her termination except for the problem about the payout slips.

Dorothy contends her denial that she improperly took money constituted substantial evidence from which the jury could infer that the cause of her dismissal stated in the letter is false. A case on all-fours with this case is *Williams v. Kansas City Transit, Inc.*, 339 S.W.2d 792 (Mo.1960). In *Williams*, transit company inspectors rode the street car and bus operated by Williams and observed him collecting fares without properly depositing them in the fare box. The company wrote him a service letter stating that as a result of investigations, it believed that he had mishandled fares by failing to properly deposit them in the fare box and he had misappropriated the fares belonging to the company. Williams' evidence consisted of his denial that he had stolen any money. The court held this did not constitute substantial probative evidence that the reason for his termination stated in the letter was false.

In this case Dorothy contends Western Auto was in fact accusing her of stealing money and contends that her denial of any theft constituted substantial evidence. Under the holding in *Williams* her denial that she stole money does not constitute substantial evidence that the reason stated in the letter is not true. The issue before the jury was not whether Dorothy had stolen any money but was whether the company had stated the true cause of her dismissal in its letter. Dorothy had the burden of proving the negative, i. e. that the reason stated in the letter was not the true reason she was dismissed. *Potter v. Milbank Manufacturing Company*, 489 S.W.2d 197, 203[1] (Mo.1972).

Dorothy did not offer any evidence to show the reason stated for her dismissal was false. In fact, she testified she knew

of no other reason than that stated in the letter. As in *Williams*, Dorothy failed to produce substantial probative evidence to show the reason stated in the letter for her dismissal was false and the court was correct in sustaining Western Auto's motion for a directed verdict.

■ Dorothy attempts to argue for the first time that the reason given in Western Auto's letter is unclear and vague in violation of the requirements stated in *Cumby v. Farmland Industries, Inc.*, 524 S.W.2d 132 (Mo.App.1975). This ground of relief was not pleaded nor was it mentioned in the evidence or in the motion for new trial, thus, this was not the theory on which Dorothy tried her case. It is beyond question that a case may not be tried on one theory in the trial court and on a different theory in this court. *Contour Chair-Lounge Company v. Laskowitz*, 330 S.W.2d 817, 822[1, 2] (Mo.1959).

The judgment is affirmed.

All concur.