**David SWEET, Plaintiff-Appellant,**

v.

**JOHN DEERE COMPANY, Defendant-Respondent.**

**No. WD32669.**

Missouri Court of Appeals, Western District.

Dec. 8, 1981.

J. Scott Bertram, Kansas City, for plaintiff-appellant.

Daniel M. Dibble and Karen M. Iverson, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, for defendant-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Plaintiff Sweet appeals from the dismissal of his petition pleading a claim under § 290.140, RSMo 1978, the service letter statute, against defendant John Deere Company.

The issue on appeal is whether the petition states a cause of action.

On April 18, 1980, Sweet filed a petition alleging that respondent John Deere had violated the Missouri service letter statute, § 290.140, RSMo 1978. Sweet alleged that he requested and received a service letter, but the service letter "did not correctly state the true cause of plaintiff's termination."

On May 12, 1980, John Deere moved to dismiss Sweet's petition on the ground that it failed to state a claim upon which relief could be granted because Sweet failed to allege what he believed to be the "true reason" for his discharge.

On May 24, 1980, Sweet filed a Motion for Leave to File a First Amended Petition, conceding that John Deere's motion to dismiss "may be well taken"; therefore, Sweet wished to amend his petition "to comply with Missouri law, to make sure a cause of action is stated, and to render defendant's motion moved [sic]." The trial court entered an order on September 30, 1980, stating that John Deere's Motion to Dismiss was moot, "plaintiff thereafter having filed an amended petition with leave of court."

On December 1, 1980, Sweet filed his First Amended Petition for Damages, which he caused to be personally served upon John Deere. On December 19, 1980, John Deere again moved to dismiss Sweet's First Amended Petition alleging two grounds: (1) Sweet's First Amended Petition failed to state a claim upon which relief can be granted because Sweet had failed to allege what he believed to be the "true reason" for his discharge; and (2) the Missouri service letter statute, Section 290.-140, RSMo 1978, was unconstitutional on its face and as applied to John Deere.

On January 5, 1981, the circuit court entered the following order: "Defendant's motion to dismiss plaintiff's petition, is by the Court, sustained."

On January 29, 1981, Sweet filed in the circuit court a "Motion to Clarify Order." In this motion Sweet's counsel asserted that it was his understanding that the court had sustained the Motion to Dismiss because the court believed the service letter statute was unconstitutional. Therefore, Sweet asked the court to clarify its order by stating that the Motion to Dismiss was sustained for that reason, and Sweet's counsel tendered a draft order to that effect. On the same date, January 29, 1981, Sweet's counsel, *ex parte*, secured the signature of the circuit court on the tendered order. Neither Sweet's motion nor the court's order was served upon counsel for John Deere. In that order, the court states that John Deere's motion was sustained "because the Court is of the opinion that Section 290.140 V.A.M.S. is unconstitutional as applied to this defendant."

The trial court's order asserting that § 290.140, RSMo 1978 was unconstitutional was entered after the Federal District Court for the Western District had decided *Rimmer v. Colt Industries Operating Corporation*, 495 F.Supp. 1217 (W.D.Mo.1980), holding the statute unconstitutional.

*Rimmer* was subsequently reversed by the 8th Circuit in *Rimmer v. Colt Industries Operating Corporation*, 656 F.2d 323 (8th Cir. 1981). The Court adopted and followed the opinion of the Supreme Court of Missouri in *Hanch v. K. F. C. National Management Corporation*, 615 S.W.2d 28 (Mo. banc 1981). The basis for the trial court's determination of the unconstitutionality of the statute is, therefore, without any validity.

John Deere contends that the first amended petition should be dismissed because, as they assert in their motion to dismiss, it failed to state the true reason for Sweet's discharge. The principal reliance in the brief and upon the argument is upon *Tolliver v. Standard Oil Company*, 431 S.W.2d 159, 162 (Mo.1968). *Tolliver* was

specifically overruled in *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51 (Mo. banc 1981). *Labrier* flatly and unequivocally overrules *Tolliver, supra,* and decides the precise point contrary to defendant John Deere's position in the instant case. The following language from *Labrier* unequivocally demonstrates that the John Deere position as to the sufficiency of the petition is unavailing:

Appellants argue that although respondent in his petition set out the reasons given for dismissal and alleged they were false, he did not aver the true reasons for discharge. Therefore, *Labrier* failed to state a claim on which relief could be granted. Appellants rely on *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159 (Mo. 1968). In that case, plaintiffs alleged in their petition that the service letter did not state the true reason for discharge. This Court concluded that the pleading failed to state *facts* showing that plaintiffs were entitled to relief and, therefore, did not meet the requirements of Rule 55.06. Subsequently, this Court noted, "In addition to stating and denying the reasons assigned by Standard, *good pleading required that the plaintiffs allege facts regarding what they deemed to be the real reason for their dismissal.* The petition is entirely silent on this latter vital subject." *Tolliver v. Standard Oil Co., supra,* at 162 (emphasis added). Appellants cite this language to argue that the true reasons for discharge must be pled in order to state a cause of action. Their assertion is faulty. Since this Court had already determined that the pleading was merely a conclusion, the cited language constitutes dicta. Further, any inference from *Tolliver* that the only method of stating a cause of action in a service letter case is to aver the reasons given for discharge, deny them, *and* give the "facts regarding ... the real reason for ... discharge" is disapproved. Certainly, those allegations would state a cause of action and a plaintiff, if he could prove the true reasons for discharge, would present a stronger case then merely alleging and proving the employer did not state his true reasons for dismissal. *Terranova v. Western Auto,* 589 S.W.2d 362 (Mo.App.1979). Still, additional averment of the correct reasons for discharge is not essential to state a claim on which relief can be granted under the service letter statute.

*Id.* at 56.

Upon the authority of *Labrier, supra,* the order of the circuit court dismissing the plaintiff's petition is set aside and the cause is remanded to the trial court for further proceedings.